Pabón Chameco, Jueza Ponente
*730 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Reliable Financial Services, -Inc., en adelante, Reliable, solicitado la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Coamo. Mediante dicho dictamen, el Tribunal a quo denegó una “Moción de Sentencia Sumaria” presentada por Reliable.
Por las razones que expondremos a continuación, se expide el auto solicitado y revocamos el dictamen del Tribunal recurrido, desestimando así la reclamación contra Reliable.
I
Conforme surge del recurso ante nuestra consideración, Manuel Calderas Riveras y Alexis Calderas Reyes, en adelante, los recurridos, incoaron demanda sobre daños y perjuicios contra Reliable, entre otras partes. Reliable es una corporación privada organizada bajo las Leyes de Puerto Rico dedicada al financiamiento de bienes muebles.
En dicho escrito, se alegó que el 11 de junio de 1998, Manuel Calderas le compró a Miguel Casanova Auto Corp. un automóvil marca Mitsubishi. Planteó que el 26 de noviembre de 2001 (o sea, más de tres años de haberse efectuado la compra del vehículo), su hijo Alexis Calderas fue intervenido por la División de Vehículos Hurtados de la Policía Estatal, por alegadas irregularidades en el “muffler” del automóvil. Durante la intervención, la policía le indicó a Calderas que los asientos y el sistema de “power windows” no le pertenecían a ese auto. A consecuencia de ello, la policía realizó una investigación a fondo de los componentes del vehículo. El resultado de ésta perfiló que el número de identificación del bonete no correspondía con los otros números del vehículo. De la misma forma, tanto el parachoques delantero como el trasero, los retrovisores y los “handles”, resultaron no ser los de fábrica. El vehículo terminó siendo confiscado y Alexis Calderas Reyes fue acusado por poseer un automóvil con piezas hurtadas.
Referente a Reliable, en la demanda sólo se aseveró que el contrato de venta del vehículo “fue financiado por Reliable Financial Services”. Para sostener dicha alegación, los recurridos incluyeron con la demanda copia del contrato de venta al por menor a plazos y otro documento referente a la póliza de seguro cuyo encabezado contiene el nombre de Reliable. 
Finalmente, los recurridos plantearon que los daños reclamados se debían a la negligencia de Mitsubishi, Casanova Auto y Reliable, por haber vendido un automóvil usado como nuevo.
Trabada la controversia entre las partes, y luego de varios trámites procesales, Reliable interpuso una “Moción de Sentencia Sumaria”. Fundamentó el escrito en que era una compañía financiera y que no se dedicaba a la venta de vehículos de motor por lo que ninguna responsabilidad se le podía imponer por el hecho de que se vendió un auto usado como nuevo.
El 24 de marzo de 2003, notificada el 27 de marzo, el Tribunal de Primera Instancia denegó el escrito solicitado.
*731 Inconforme con el dictamen emitido, Reliable acude ante nos. El 27 de mayo de 2003, ordenamos a la parte recurrida mostrara causa por la cual no debíamos expedir el auto solicitado. Habiendo comparecido una de las partes, procedemos conforme intimado.
II
En su escrito, Reliable plantea que el Tribunal de Primera Instancia incidió al negarse a desestimar sumariamente la demanda, en cuanto concierne a la peticionaria, sin explicar los fundamentos de su denegatoria.
III
La Regla 36.2 de las de Procedimiento. Civil, 32 L.P.R.A. Ap. Ill, R. 36.2, le permite a una parte presentar una moción basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor, sobre la totalidad o cualquier parte de una reclamación. P.A.C. v. E.L.A., 150 D.P.R. _ (2000), 2000 J.T.S. 33; Piñero v. A.A.A., 146 D.P.R. 890 (1998); Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508 (1998); Soto v. Caribe Hilton, 137 D.P.R. 294, 300 (1994). Es una determinación que está confiada a la discreción del foro de primera instancia. PFZ Pros., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 914 (1994). Sin embargo, el referido artículo autoriza al tribunal a dictar sentencia sumaria cuando “no existe controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho, debe dictarse sentencia sumaria a favor de la parte promovente”. Véase, además, P.A.C. v. E.L.A., supra; Soto v. Rivera, 144 D.P.R. 500 (1997); Rodríguez v. Srio. de Hacienda, 135 D.P.R. 219, 222 (1994); Pello, Rivera v. Eastern Airlines, Corp., 119 D.P.R. 83, 86 (1987); Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
El mecanismo procesal de sentencia sumaria debe utilizarse cuando el “promovente ha establecido su derecho con claridad y ha quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no han sido refutadas.” García Rivera et al v. Enríquez, 153 D.P.R. _ (2001), 2001 J.T.S. 15.
Una vez la moción de sentencia sumaria ha sido presentada y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, supra, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. Audiovisual Lang v. Sist. Est. Natal Hermanos, 144 D.P.R. 563 (1997); Pilot Life Ins. Co. v. Crespo Martínez, 136 DPR 624 (1994). En otras palabras, “[e]l promovido simplemente ni puede cruzarse de brazos y descansar en las aseveraciones de sus escritos judiciales”. Jusino et. als. v. Walgreens, 155 D.P.R. _ (2001), 2001 J.T.S. 154. No obstante, el solo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que la sentencia sumaria procederá de manera automática. Id.
Debe quedar demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. Asoc. Pese. Pta. Figueras v. Pto. del Rey, 155 D.P.R. _ (2002), 2002 J.T.S. 4; García Rivera et al. v. Enriquez, supra.
En fin, para dictar sentencia sumaria, el tribunal debe: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna, por los documentos.
Por otro lado, el tribunal no deberá dictar sentencia sumaria cuando: (1) existan hechos materiales controvertidos; (2) hayan alegaciones afirmativas en la demanda sin haber sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) *732 como cuestión de derecho no procede. PFZ Pros., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 913-914 (1994).
IV
Dentro del marco jurídico antes enunciado, procedamos a resolver la controversia de autos. A la luz de los asuntos planteados, nos corresponde determinar, como cuestión de derecho, si una compañía financiera debe responder por la venta fraudulenta de un automóvil, cuando su participación en la transacción se circunscribió exclusivamente a financiar la compra- del vehículo. Por entender que una compañía financiera no responde por desperfectos en los bienes financiados, siempre y cuando su participación en la transacción de compraventa se limite a proveer financiamiento, revocamos la Resolución recurrida.
Comencemos señalando que un cuidadoso análisis de todos los documentos presentados ante esta Curia revelan que la demanda incoada por Manuel Calderas Rivera y Alexis Calderas Reyes versa sobre el incumplimiento de un contrato de compraventa, el cual,, alegadamente, fue ejecutado de forma culposa y negligente. La culpa y la negligencia consistió en vender un vehículo alegadamente usado como nuevo. Se alegó que la participación de Reliable se circunscribió exclusivamente a proveer el financiamiento del vehículo. Esta determinación surge claramente del párrafo 9 de la demanda, el cual precisa que el contrato de compraventa “fue financiado por Reliable Financial Services, Inc. por la suma de $21,356.54”. También, resulta de la declaración jurada del José D. Montañez, Gerente del Departamento de Cobro de Reliable Financial Services, Inc., la cual fue presentada junto a la “Moción de Sentencia Sumaria”. En ella, Montañez sostiene- que Reliable “no tuvo participación alguna en la venta del automóvil descrito en el párrafo 9 de la demanda que hiciera la codemandada, Mitsubishi Motor Sales Caribbean, a la codemandada Miguel Casanova Auto Corp. ni en la reventa que ésta hiciera al demandante Manuel Calderas Rivera”. Además, indica que “Reliable Financial Services, Inc., nunca estuvo en posesión del vehículo- de motor descrito en dicho párrafo 9 de la demanda ni hizo cambio o alteración alguna en el mismo ni por sí ni por ningún agente, empleado o apoderado suyo ”.
Estas alegaciones no han sido refutadas. No se han presentado documentos algunos para controvertir la declaración jurada ofrecida por Reliable. Tampoco se ha presentado evidencia alguna que contradiga lo expresado en la demanda, referente a la participación de Reliable en la venta del' automóvil.
Frente a este cuadro, entendemos que no existe una controversia real y sustancial sobre el hecho de que Reliable es meramente, como indica su nombre, una compañía financiera, que ni vendió al recurrido el vehículo de motor a que se refiere la demanda ni pudo hacer cambio o alteración alguna a dicho vehículo, pues nunca tuvo la posesión del mismo ni por sí ni a través de ningún agente, empleado o apoderado suyo. Reliable cedió todos sus derechos y acciones sobre el Contrato de Venta al Por Menor a Plazos a Miguel Casanova Auto Corp.
Como muy bien apunta el peticionario, el Tribunal Supremo de Puerto Rico se ha negado a responsabilizar compañías financieras, por desperfectos en los bienes financiados, cuando su participación se ha ceñido exclusivamente a proveer financiamiento. Amaro Gonzalez v. First Federal Savings Bank, 132 D.P.R. 1042 (1993); Chase Manhattan v. Emmanuelli Bauzá, 111 D.P.R. 708 (1981). Al igual que en estos casos, no hay constancia en el expediente indicativa de que Reliable se dedique al negocio de compra y venta de autos ni que haya rebasado las funciones normales de una entidad financiera.
Por ende, como compañía financiera, Reliable no tiene responsabilidad legal alguna en cuanto a la condición del vehículo vendido al recurrido, por lo que no existe causa de acción en su contra para responder a la parte recurrida por los daños sufridos por éste.
Reliable puede permanecer en el litigio, como parte nominal, pero sólo a los fines de que pueda concederse al recurrido un remedio completo, según lo contemplado por la Regla 16.2 de las de Procedimiento Civil, 32 L. P.R.A. Ap. Ill, R. 16.2. Habiendo alegado el recurrido que su consentimiento estuvo viciado por fraude, y *733 solicitado la anulación del negocio y la devolución de las prestaciones, la presencia de Reliable resulta necesaria para conceder dichos remedios, si éstos procedieran, en su día.
V
Por las razones esbozadas, se expide el auto solicitado y se revoca la Resolución recurrida. Se dicta sentencia parcial desestimando la acción por daños instada por el recurrido contra Reliable Financial Services, Inc. La peticionaria permanecerá en el pleito como parte nominal, a los únicos fines de que, de prevalecer en sus alegaciones, pueda concederse el remedio solicitado por el peticionario de la anulación del negocio.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2004 DTA 11
1. No obra en el expediente ante nuestra consideración ningún otro documento sobre la participación de Reliable en la transacción sujeto del presente litigio.