TEXTO COMPLETO DE LA SENTENCIA
En la causa del epígrafe, el Dr. Emilio Torres Reyes (Dr. Torres Reyes) solicita la revocación de la Sentencia dictada el 7 de abril de 2006, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), en la que se declaró sumariamente CON LUGAR la demanda en cobro de dinero instada por Picker Internacional Caribe, Inc. (Picker), contra el Dr. Torres Reyes.
Hechos
El 7 de octubre de 2003, Picker, instó ante el Tribunal de Primera Instancia, Sala Superior de San Juan, demanda en cobro de dinero (KCD2003-0826) contra el Dr. Emilio Torres Reyes, y la Sociedad Legal de Gananciales compuesta con su esposa, en reclamo de $63,828.50, en pago de servicios de inspección de mantenimiento preventivo, labor y reemplazo de piezas en unos equipos radiológicos y médicos bajo contrato de servicios.
La parte apelante fue emplazada el 17 de junio de 2004. El 23 de septiembre de 2004, la parte apelada solicitó autorización del Tribunal para corregir el epígrafe de la demanda, para que el demandante apareciere de la siguiente forma: Philips Medical System, Inc. h/n/c Philips Medical System.
Así las cosas, y debido a que el 27 de diciembre de 2004 la parte apelante aún no había comparecido en autos, el hermano foro de instancia autorizó la enmienda y expidió los nuevos emplazamientos. El Dr. Torres Reyes, por sí y en representación de la sociedad de gananciales, quedó nuevamente emplazado el 23 de febrero de 2005.
Luego de varios trámites procesales no necesarios aquí detallar y estando ya el caso (DCD2005-1488) ante el *625 Tribunal de Primera Instancia, Sala Superior de Bayamón, (TPI) el 30 de junio de 2005, el apelante presentó contestación a la demanda, negó los hechos alegados y como defensa afirmativa expuso no adeudar suma alguna a Picker. Reiteró no haber suscrito contrato alguno con la parte apelada e interpuso reconvención en daños y perjuicios.
El 22 de septiembre de 2005, Picker solicitó autorización al TPI para enmendar por segunda vez la demanda, y nuevamente corregir su nombre en el epígrafe. Esta vez aclaró que la corporación demandante es Picker International Caribe, Inc., subsidiaria de Philips Medical System, Inc. (Ap. pág. 60).
Además, presentó oposición a la solicitud de desestimación y de exposición más definida presentada por la apelante. Acompañó su moción con un total de ocho (8) exhibits, de los cuales, el #1 y #2 son contratos suscritos por el apelante alegadamente en su carácter personal con Picker y objeto del presente pleito. (Apelación, Ap. págs. 65-69)
El 10 de octubre de 2005, el TPI autorizó la enmienda para que el nombre de la demandante constara como Picker Internacional del Caribe, Inc. y declaró sin lugar la solicitud de desestimación presentada por la apelante. También concedió a Picker un término de diez (10) días para que contestara la reconvención y efectuara una oposición más definida de la demanda.
El 11 de octubre de 2005, la parte apelada presentó solicitud de sentencia sumaria. (Apelación, Ap. pág. 75). Alegó, en lo pertinente, que para la fecha a que se contrae los hechos, el Dr. Torres Reyes:

“a) Es doctor en medicina con oficina en la Ave. Hipódromo #753 en Santurce, Puerto Rico, pero lleva o llevaba a cabo parte de su práctica en el campo de la radiológica en las facilidades de la Corporación del Fondo del Seguro del Estado (CESE) de Caguas;

b) Suscribió un contrato con la parte apelante en virtud del cual la apelada le brindó servicios de inspección de mantenimiento preventivo, labor y reemplazo de piezas en equipos radiológicos y/o médicos que éste tenía en las facilidades de la CFSE de Caguas;

c) Dejó acumular un balance principal no pagado de $63,828.50, el cual indicó ser líquido, vencido y exigible.

d) Se ha negado a pagar y por ende a cumplir con su obligación contractual y responsabilidad, propiciando con tal temeridad el inicio de la demanda. ”

La solicitud de sentencia sumaria quedó acompañada de un total de 17 exhibits, entre los cuales se encuentran los antes señalados, dos contratos suscritos por el apelante y las correspondientes facturas que le hizo llegar Picker en concepto de los servicios estipulados en los contratos.
También consta del expediente ante nos, que en o para el 26 de octubre de 2005, Picker volvió, por tercera vez, a enmendar su pliego de demanda, en esta ocasión intitulada “DEMANDA ENMENDADA (Exposición más Definida)” (Ap. pág. 104-107) en la que hace referencia a:

“1) Un “Pas Service Support Agreement”, con fecha de efectividad de 12 meses, a partir del mes de agosto de 1999.

2) Otro “Pas Service Support Agreement” con fecha de efectividad de 12 meses, a partir del mes de septiembre de 1999 (Ap. págs. 105).

*626 3) Un “Aging" del 13 de agosto de 2003, que hace un resumen de 14 facturas, que datan del 1 de julio al 22 de noviembre de 2000, respecto a los “Pas Service Support Agreement" de anterior referencia, que precisamente suman los $63,828.50 aquí en litigio (Ap. págs. 106-107). Estos contratos tiene la siguiente leyenda:

“Sold To Dr. Torres Reyes”

“Customer No.: 10216” (Ap. págs. 108-110).
Cabe señalar que los contratos de agosto y septiembre de 1999, aparecen firmados por el Dr. Emilio Torres Reyes, sin hacer mención alguna a que comparece en capacidad representativa corporativa, y el Sr. David Sumpter. Éste último en representación de Picker del Caribe, Inc. Los términos de los contratos son los siguientes:

1. “PAS™ Service Support Agreement” efectivo el 1 de agosto de 1999 por el término de un (1) año con derecho a prórroga mediante acuerdo entre las partes. El precio pactado por el servicio identificado como “Standard Service Support” fue de ciento veinte mil (120,000) dólares anual pagaderos a diez mil (10,000) dólares mensuales.

2. “PAS™ Service Support Agreement” efectivo el 1 de septiembre de 1999 por el término de un (1) año con derecho a prórroga mediante acuerdo entre las partes. El precio pactado por el servicio identificado como “Standard Service Support” fue de cuatro mil doscientos (4,200) dólares anuales pagaderos a trescientos cincuenta (350) dólares mensuales.

Así las cosas, el hermano foro de instancia concedió a la apelante un término de 20 días para exponer en cuanto a la solicitud de sentencia sumaria, que luego quedó extendido al 30 de diciembre de 2005.
El 25 de enero de 2006, el TPI ordenó a la apelante contestar la demanda y el pliego de interrogatorios cursado dentro de un término de diez (10) días. El 10 de febrero de 2006, Picker presentó contestación a reconvención y solicitó su desestimación, por entenderla improcedente. El 6 de marzo de 2006, Picker presentó ante el TPI su oposición a la solicitud de sentencia sumaria del Dr. Torres Reyes.
El 6 de marzo de 2006, el Dr. Torres Reyes presentó ante el ilustrado foro de instancia su oposición jurada a la sentencia sumaria de Picker y también solicitó a su favor sentencia sumaria, para desestimar con perjuicio la causa de acción del epígrafe contra el Dr. Torres Reyes y la Sociedad Legal de Gananciales que tiene con su esposa. Como apéndice a dicha moción, el Dr. Torres Reyes incluyó copia de otros dos contratos de servicios “Pas Service Support Agreement” también expedidos y suscritos por Picker y el Dr. Torres Reyes, (Ap. págs. 200 y 201), pero éstos aparecen con la siguiente leyenda:

“Sold To: Centro Imágenes del Noreste 

Ave. Roberto Clemente C-5

Urb. Villa Carolina

Carolina, P.R. 00987

De tal forma quedó sometido ante el TPI el trámite sumario solicitado por ambas partes litigantes.
Mediante Sentencia de 7 de abril de 2006, el hermano foro de instancia dictó Sentencia Sumaria, a favor de Picker, declarando CON LUGAR la demanda enmendada, por la suma de $63,828.50, en concepto de servicios de equipos radiológicos y/o médicos adeudados por la parte apelante por servicios a equipos. En consecuencia, condenó a la apelante a pagar a Picker dicho monto principal más el interés legal correspondiente. De igual forma, ordenó el archivo y sobreseimiento con perjuicio de la reconvención instada por el Dr. Torres Reyes.
*627 El apelante solicitó reconsideración, que fue declarada NO HA LUGAR. Inconforme con el dictamen, el 30 de mayo de 2006 presentó ante este foro la apelación intermedia, imputando a instancia la comisión de seis errores:

“A. ERRÓ EL TPI AL DICTAR SENTENCIA CONTRA UNA PERSONA NATURAL QUE NO CONTRATÓ CON IA . PARTE APELADA, EN LA RECLAMACIÓN DONDE IA PARTE APELADA SOSTIENE QUE EL CONTRATO ES EL FUNDAMENTO PARA SOLICITAR REMEDIO Y AÚN ASÍ NO SE INCLUYÓ LA CORPORACIÓN CONTRATANTE Y NO SE ALEGÓ O PRESENTÓ PRUEBA PARA DESCORRER EL VELO CORPORATIVO.

B. ERRÓ EL TPI AL UTILIZAR EL MECANISMO DE LA REGLA 36 DE PROCEDIMIENTO CIVIL, 32 LPRA, PARA DECLARAR HA LUGAR LA DEMANDA, PUES LOS HECHOS ESENCIALES ESTABAN EN CONTROVERSIA, LA APELANTE SOMETIÓ LAS ÚNICAS DECLARACIONES QUE EXISTEN EN EL RECORD LA CUALES DERROTAN ALEGACIONES ESENCIALES DE LA DEMANDA Y LAS ALEGACIONES DE LA APELADA NO ESTABAN APOYADAS POR DOCUMENTOS O TESTIMONIO BAJO JURAMENTO. .

C. ERRÓ EL TPI AL NO DICTAR SENTENCIA SUMARIA A FAVOR DE LA APELANTE QUIENES APOYARON SU PETICIÓN CON DOCUMENTOS, DECLARACIONES JURADAS DE TESTIMONIO ADMISIBLE Y SIN OPOSICIÓN DE LA PARTE APELADA. ”
El 26 de junio de 2006, Picker compareció ante este foro. Contando con el beneficio de los escritos de ambas partes, procedemos a resolver.
Exposición v Análisis
Por entender que los tres errores están estrechamente relacionados, los trataremos conjuntamente.
Como se, sabe la sentencia sumaria es un rémedio extraordinario y discrecional gobernado por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. Ill, R. 36. Su principal objetivo es aligerar la tramitación de un pleito en aquellos casos en que de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas que acompañan la moción, se desprende que no existe una controversia genuina sobre un hecho esencial y pertinente, y sólo resta la correcta aplicación del derecho. González Aristud. v. Hosp. Pavía, 168 DPR _ (2006), 2006 JTS 107, págs. 1451-1452; Malavé v. Oriental, 167 DPR _ (2006), 2006 JTS 72, pág. 1202; Sucn. Maldonado v. Sucn. Maldonado, 166 DPR _ (2005), 2005 JTS 172, pág. 450; Vera et. al. v. Dr. Bravo et. als., 161 DPR _ (2004), 2004 JTS 40; García v. Darex, P.R., Inc, 148 DPR 364, 382 (1999). Previo a conceder el remedio sumario deberá quedar claramente establecido que para resolver la controversia no hace falta una vista evidenciaría. Gerrido García v. U.C.B., 143 DPR 337, 353-354 (1997).
De tal modo y en cumplimiento con el primer postulado del ordenamiento procesal civil, la disposición por la vía sumaria persigue aligerar la tramitación de toda causa civil, bien mediante sentencia parcial o total, sin celebrar una vista en los méritos, para adjudicar credibilidad, precisamente cuando de los documentos no refutados conste que realmente no existen controversias de hechos sobre aspectos medulares (“materiales”) y que sólo resta aplicar el derecho. Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575-576 (1997); Soto v. Rivera, 144 DPR 500, 518-519 (1997); Pilot Life Ins. Co. v. Crespo Martínez, 136 DPR 624 (1994). El recurso de sentencia sumaria debe estar disponible para eliminar causas frívolas. Fernández & Gutiérrez v. Mun. dé San Juan, 147 DPR 824, 833-834 (1999); García v. Darex, P.R., Inc, supra.
Si bien es cierto que el vehículo procesal de sentencia sumaria contribuye a la economía procesal, al aligerar los casos y agilizar los procedimientos, no debe aplicarse livianamente. El sabio discernimiento deberá ser el *628 principio rector para su uso. Pérez Sánchez v. Advisors Mortgage Investors, 130 DPR 530 (1992).
La parte promovida no puede optar por cruzarse de brazos y descansar en sus anteriores alegaciones, sino que “[t]iene que refutar los hechos alegados y sustanciar su posición con prueba tendente a establecer los hechos en controversia. Si se cruza de brazos, corre el riesgo de que le dicten sentencia en su contra sin la celebración de un juicio en su fondo". Sánchez v. Aut. de los Puertos, 153 DPR 559, 570 (2001). Luán Investment Corp. v. Rexach Construction Co., 52 DPR 652, 665 (2000). Véase, además, López v. Miranda, 166 DPR _ (2005), 2005 JTS 197; Vera et. al. v. Dr. Bravo et. als., supra; PFZ Props. Inc., v. Gen. Acc. Ins. Co., 136 DPR 860, 912-913(1994.
Una oposición efectiva contra el dictamen sumario tiene que contener señalamientos específicos de hechos, admisibles en evidencia, que sean capaces de demostrar que existe controversia real y sustancial respecto a hechos importantes y pertinentes {“materiales”), que a su vez requieran de la celebración de un juicio plenario para adjudicar al respecto. González Aristud v. Hosp. Pavía, et als., supra, págs. 1451-1452; Toledo v. Cartagena, 132 DPR 249, 256-257 (1992); Cuadrado v. Santiago, 126 DPR 272, 279 (1990); Tello Rivera v. Eastern Airlines, 119 DPR 83, 87 (1987).
En el caso que nos ocupa y en relación a los señalamientos del Dr. Torres Reyes, el hermano foro de instancia concluyó que procede dictar sentencia sumaria a favor de Picker por la suma total reclamada y en contra de la solicitud de Sentencia Sumaria presentada por el Dr. Torres Reyes, para que se desestime la demanda de autos en su contra y de la sociedad de gananciales constituida con su esposa.
El planteamiento del Dr. Torres Reyes se predica en que de autos no surge controversia real sustancial de que al firmar los dos contratos de servicios con Picker, el apelante se obligó en su carácter personal al pago de la deuda que origina el presente litigio. (Apelación, Ap. págs. 108-126). También señala que no procedía dictar la sentencia sumaria a favor de Picker, debido a que no se practicó prueba para descorrer el velo corporativo de Centro Imágenes del Noreste, Inc.
El Dr. Torres Reyes también señala que no contrató en su carácter personal con Picker, sino que fue la corporación Centro de Imágenes del Noroeste, Inc. Para sostener tal alegación acompañó una declaración jurada a tales efectos, así como los ya señalados contratos, “Pas Service Agreement”, entre Picker como suplidor y “Centro Imágenes del Noreste” como adquiriente {“Sold To:”), fechados 1 de noviembre de 1996 (Ap. págs. 180-181).
Como queda señalado, unos contratos, fechados para servicios de 12 meses a partir de agosto y septiembre de 1999, aparecen vendidos {“Sold To”) al “Dr. Torres Reyes” (Ap. págs. 108-111) y otros dos a “Centro Imágenes del Noreste”, fechados en noviembre de 1996 (Ap. págs. 200-201). La suma de $63,828.50 reclamada por Picker se evidencia en 14 facturas, fechadas entre 1 de julio de 2000 y 22 de noviembre de 2000.
No creemos que ante tal fluido estado de hechos nos encontremos ante una situación factual que sea la más propicia para el dictamen sumario. Realmente no sabemos, con la certeza que lo requiere un dictamen sumario, quién es el cliente 10216 de Picker, el Dr. Torres y su esposa, personalmente, o la señalada corporación Centro Imágenes del Noreste, Inc. En el período de servicio inmediato anterior (1999 - 2000) a la facturación de los $63,828.50 (1 de julio de 2000), la documentación contractual resulta imprecisa. Aunque en los cuatro contratos antes señalados, firma el Dr. Torres Reyes, sin adjetivo alguno que condicione su firma, en dos contratos aparece “Sold To Dr. Torres Reyes” (Ap. Págs. 108 - 111) y en otras dos “Sold To Centro Imágenes de Noreste” (Ap. Págs. 180-181).
Entendemos que la firma del Dr. Torres Reyes en todos esos contratos, sin mayor explicación en qué calidad suscribe el documento, inserta en el pleito la necesidad de adjudicar - como cuestión de hecho y derecho, por vía *629 del proceso plenario -, la controversia respecto a quién es realmente el receptor del servicio y deudor de Picker.
Actualmente no consta de autos, con la claridad que el dictamen sumario lo requiere, quién es o quiénes componen el cliente 10216 de Picker Internacional del Caribe, Inc. Para ello es aquí necesario recurrir al proceso ordinario, quizás practicar ulterior prueba, pero en todo caso adjudicar credibilidad, para lo que el trámite de la sentencia sumaria, no está facultado.
Entendemos y resolvemos que el hermano foro de instancia debió desestimar la Moción de Sentencia Sumaria de Picker, tal y como lo hizo con la Moción de Sentencia Sumaria presentada por el Dr. Torres Reyes y la Sociedad de Gananciales constituida con su esposa.
Dictamen
Conforme a lo expuesto, modificamos la Sentencia dictada el 7 de abril de 2006, para también desestimar la Sentencia Sumaria dictada en la causa DCD2005-1488 a favor de Picker Internacional del Caribe, Inc.
Confirmamos la Sentencia de referencia sólo en tanto y en cuanto desestimó la Moción de Sentencia Sumaria presentada por el Dr. Torres Reyes y la Sociedad de Gananciales constituida con su esposa, en que solicita la desestimación de la demanda DCD2005-1488 en su contra. Ambos planteamientos deben dilucidarse por vía plenaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 2
1. Mediante Orden de Traslado dictada el 21 de junio de 2005 motu proprio por la Hon. Juez Superior, Julia M. Garriga Trillo, se ordenó el traslado del caso a la Sala Superior de Bayamón. (Ap. Apelación, pág. 51), donde recibió el nuevo alfanúmerico DCD2005-1488.
2. La parte apelada presentó moción para prorrogar por un período de tres (3) meses adicionales el término para emplazar. Alegó que las gestiones realizadas por el emplazador habían resultado infructuosas, ya que el apelante evadía ser emplazado. El Tribunal, de conformidad con la Regla 4.3(b) de Procedimiento Civil, encontró justa causa para prorrogar el término de seis (6) meses por tres (3) meses adicionales. La prórroga fixe notificada el 10 de junio de 2004 y el apelado fue debidamente emplazado el 17 de junio de 2004.
3. Id., n.a. 1.
4. Del expediente no podemos colegir si se trata de un nombre de negocio (H/N/C o D/B/A) utilizado por persona civil o si estamos ante una corporación debidamente inscrita. Nótese que no usan las siglas “Inc.”, “Corp“Corporación”, ect. Véase Scorpio Recycling, Inc. v. Mejias, 136 DPR (1994)
5. La primera regla de Procedimiento Civil dispone:
Estas reglas regirán todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. Se interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento. 32 LPRA Ap. Ill, R. 1.