Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| PEDRO DIAZ ORTIZ<br><br>Recurrido<br><br>V.<br><br>RE SYNTH NEW HORIZONS LLC<br><br>Peticionaria | KLCE202400060 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce.<br><br>Caso Núm.: PO2022CV02203<br><br>Sobre: Cobro de Dinero y Ejecución de Prenda e Hipoteca. |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de febrero de 2024.

-I-

Comparece Re Synth New Horizons LLC (en adelante Re Synth o la peticionaria), y solicita que revisemos una determinación del Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), mediante la cual el referido Foro dejó sin efecto una determinación previa, con fecha de 25 de abril de 2023, en la que se dio por admitido cierto requerimiento de admisiones cursado por Re Synth a la parte recurrida.[2] En lo pertinente, en la Minuta-Resolución se consignó lo siguiente:

En cuanto al requerimiento de admisiones, el Tribunal "motu prop[r]io" dejó sin efecto la resolución emitida. Esto en consideración que en el momento de la solicitud del demandado, el caso se encontraba pendiente de la determinación de un recurso presentado en el Tribunal

---

[1] Conforme a lo dispuesto en la Orden Administrativa OAJP-2021-086 de 4 de noviembre de 2021, que establece las normas para la asignación de recursos que surgen de casos que anteriormente han generado algún trámite ante el Tribunal de Apelaciones.

[2] Establecida mediante Minuta-Resolución en la que se consignan los procedimientos y las determinaciones judiciales anunciados durante vista celebrada el 13 de diciembre de 2023. La referida Minuta-Resolución fue notificada el 20 de diciembre de 2023. Véase páginas 1-3 del Apéndice del recurso.

Apelativo. El demandante tiene hasta el 12 de enero de 2024 para contestar el requerimiento de admisiones.

Inconforme con lo anterior, en su recurso la peticionaria imputa al TPI la comisión del siguiente error:

Erró el TPI al dejar sin efecto motu proprio la resolución emitida el 25 de abril de 2023, archivada en autos el 27 de abril de 2023 (entrada SUMAC 40).

En su argumentación, Re Synth argumenta que el hecho de que se presentase un recurso de *certiorari* ante el Tribunal de Apelaciones no tuvo el efecto de paralizar los procedimientos en el caso manejándose ante el TPI y que, transcurrido el término reglamentario sin que se contestara el requerimiento de admisiones, era obligatoria la admisión de todos los requerimientos. En base a lo anterior, sostiene que la determinación del TPI de dejar sin efecto su decisión previa lo priva de un instrumento evidenciario que, desde su punto de vista, adelantaría la resolución del caso.

Por su parte, en su comparecencia en oposición a la expedición del recurso, el recurrido plantea que su proceder se debió a que actuó bajo el entendido de que el TPI había decretado la paralización de los procedimientos mientras se dilucidaba otra solicitud de *certiorari* ante este Tribunal, específicamente el caso KLCE202300257. Ello, pues, según señala, consideró que la negativa del TPI de adjudicar su solicitud de Sentencia Sumaria, presentada sin oposición, se debió a que se habían paralizado los procedimientos a nivel del foro primario en espera de la determinación del este Tribunal en el referido caso.

-II-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307

(2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, supra, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un auto de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra*.

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-III-

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, rige lo concerniente a los requerimientos de admisiones, la cual "persigue el propósito de aligerar los procedimientos, definiendo y

limitando las controversias del caso, proporcionando así un cuadro más claro sobre las mismas" *Audiovisual Lang. V. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). Este mecanismo procesal permite que una parte requiera por escrito a otra que admita la veracidad de cualquiera materia dentro del alcance de la Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1 sobre descubrimiento de prueba. Por otra parte, se ha establecido que la admisión realizada "releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y no se incurran en gastos innecesarios". *Rivera Prudencio v. Mun. De San Juan*, 170 DPR 149, 171 (2007). La parte interpelada a un requerimiento de prueba tiene un término de veinte (20) días, de lo contrario, las cuestiones sobre las que se le solicitó admisión se tendrán automáticamente por admitidas. *Íd.* en las págs. 171-172. Por cuanto, existe "un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar". *Íd.* en la pág. 172.

Por otro lado, en el ordenamiento jurídico procesal puertorriqueño se facilita el descubrimiento de prueba para que el juzgador esté en mejor posición para resolver un pleito de forma justa. *ELA v. Casta*, 162 DPR 1, 9 (2004). Además, allana las circunstancias para "la tramitación de los pleitos y evitar los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio". *Íd.* Por ello, el alcance del descubrimiento de prueba es amplio y liberal. *Íd.*, *Rodríguez v. Syntex*, 160 DPR 364, 394 (2003). Como norma general, las partes pueden hacer descubrimiento de prueba sobre cualquier materia, con las limitaciones de que la información sea pertinente y que no aplique alguna de las reglas de privilegios evidenciarios. *ELA v. Casta, supra*, pág. 10; *General Electric v. Concessionaries*, 118 DPR

32, 38-39 (1986). En este sentido, "los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000). Así, los tribunales revisores no deben interferir con la amplia facultad del foro primario, excepto haya actuado con perjuicio o parcialidad, haya incurrido en un craso abuso de discreción o se haya equivocado en la interpretación o aplicación del derecho. *Íd.*

-IV-

Tras evaluar la totalidad del expediente del caso ante nuestra consideración, nos encontramos ante una controversia susceptible de revisión mediante recurso de *certiorari*, conforme la Regla 52.1 de Procedimiento Civil, supra, R. 52.1, dado que se recurrió de un dictamen interlocutorio emitido por el TPI. Establecido lo anterior, procedemos a analizar el error señalado por la parte peticionaria.

Como se indicara previamente, en su señalamiento de error la parte peticionaria establece que el foro primario incidió al dejar sin efecto una determinación previa y conceder un término adicional para que la parte recurrida contestase un requerimiento de admisiones. De un análisis sosegado de los autos y conforme con los criterios esbozados en la Regla 52.1 de Procedimiento Civil, supra, R. 52.1 y de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, R. 40, resolvemos que debemos abstenernos de ejercer nuestra función revisora. No atisbamos error alguno que amerite nuestra intervención, puesto que el TPI no incurrió en error, prejuicio, parcialidad, un craso abuso de su discreción ni equivocación en la aplicación del derecho al permitir el descubrimiento de prueba interesado mediante el referido requerimiento de admisiones. No debe estar en controversia que, de ordinario, la presentación de un recurso de *certiorari* de por sí no

tiene el efecto de paralizar los trámites del pleito ante el Tribunal de Primera Instancia. Regla 52.3 de Procedimiento Civil, supra, R. 52.3. No obstante, consideradas las circunstancias particulares sobre el manejo del caso que nos ocupa, y debido a que el descubrimiento de prueba versa sobre un asunto discrecional del TPI con el propósito de resolver el pleito de forma justa, declinamos expedir el auto solicitado.

-V-

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado por Re Synth.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones