Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ELSIE I. ECHEVARRÍA, VÍCTOR CUBERO Y OTROS<br><br>Demandantes - Recurridos<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA, **HOGAR REGAZO DE PAZ**, ESTADO LIBRE ASOCIADO DE PR Y OTROS<br><br>Demandados – Peticionario | KLCE202400722 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Civil núm.: AG2023CV00747<br><br>Sobre: Daños y Perjuicios, Despido Injustificado |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de julio de 2024.

Cuando unas partes, a quienes se les cursó un requerimiento de admisiones, contestaron el mismo luego de expirado el término reglamentario aplicable, el Tribunal de Primera Instancia ("TPI") determinó que no se darían por admitidos los asuntos objeto del requerimiento por razón de la referida tardanza. Según se explica en detalle a continuación, por no estar comprendida dicha controversia entre los asuntos que estamos autorizados a revisar bajo la Regla 52.1 de las de Procedimiento Civil, *infra*, se deniega la expedición del auto solicitado.

I.

En septiembre de 2023, la Sa. Elsie Echevarría y el Sr. Víctor Cubero Figueroa (los "Demandantes") presentaron la demanda enmendada de referencia (la "Demanda"), sobre "daños y perjuicios

y despido injustificado", en contra, en lo pertinente, del Hogar Regazo de Paz, Inc. (el "Patrono").

Se alegó que la Sa. Echevarría (la "Empleada") trabajaba como cocinera para el Patrono, y que esta fue despedida por "alegada negligencia". Los Demandantes reclamaron salarios dejados de devengar, daños y perjuicios, más la mesada dispuesta por la "Ley 80".

El 8 de abril, el Patrono notificó un *Primer Pliego de Interrogatorios, Producción de Documentos y Requerimiento de Admisiones*" a los Demandantes (el "Requerimiento").

El 14 de mayo, el Patrono le notificó al TPI que los Demandantes no habían contestado el Requerimiento, ni solicitado prórroga al respecto, dentro del término reglamentario, por lo cual habían "quedado admitidos todos los requerimientos hechos a la parte demandante".

El 15 de mayo, los Demandantes sostuvieron ante el TPI que contestarían el Requerimiento prontamente, y que entendían que existía un "acuerdo mediante una comunicación cordial entre abogados" que hacía innecesario "haber tenido que solicitar una prórroga" al TPI.

Ese mismo día (15 de mayo), los Demandantes notificaron al TPI que habían notificado su contestación al Requerimiento (la "Contestación").

Más tarde ese día, el Patrono solicitó al TPI que diera por no puesta la Contestación y, en vez, considerara como admitidos todos los asuntos objeto del Requerimiento.

Mediante una Resolución notificada el **17 de mayo**, el TPI determinó que permitiría la Contestación. Razonó que tenía "discreción para ser flexible", y que "la controversia no debe resolverse por incumplir con contestación de requerimiento lo cual [se] realizó a la inmediatez".

El 31 de mayo, el Patrono solicitó la reconsideración del referido dictamen, como consecuencia de lo cual el TPI reconsideró y dio por admitidos los asuntos objeto del Requerimiento.

El 17 de junio (lunes), los Demandantes solicitaron reconsideración de esta última determinación.

Mediante una Resolución notificada el 24 de junio (la "Resolución"), el TPI reconsideró nuevamente y, así, re-adoptó su determinación de 17 de mayo. Por tanto, se permitió la Contestación y no quedó admitido asunto alguno objeto del Requerimiento como consecuencia de la dilación en contestar el mismo.

El 2 de julio, el Patrono presentó el recurso que nos ocupa. Arguye que la Contestación es "inefica[z]", por ser "sumamente tardía[]", pues se notificó 16 días luego de haber expirado el término de 20 días "que permite la Regla 33 de [las de] Procedimiento Civil". Planteó que "no hubo moción solicitando retiro ni enmienda" de las admisiones y que, de haberse ello concedido, se "afectaría adversamente [su] defensa". Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá

expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido** por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de **testigos de hechos o peritos** esenciales, asuntos relativos a **privilegios** evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en **cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. …

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación, o desestimación, de una petición de expedición del auto de *certiorari* **no impide a la parte afectada reproducir su planteamiento en apelación**. *Torres Martínez, supra.*

III.

La Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R.33, reglamenta lo relacionado con los requerimientos de admisiones. *Rivera Prudencio v. Mun. San Juan*, 170 DPR 149, 171 (2007); *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563 (1997); J.A. Cuevas Segarra, *op cit.*, pág. 565.

Según allí dispuesto, "[t]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifi[que] a la parte que requiere la admisión, una contestación suscriba bajo juramento por la parte o una objeción escrita sobre la materia." Regla 33(a), *supra*.

"No se requiere que el tribunal emita una orden" para que se den por admitidas las materias del requerimiento sobre las cuales no se notificó oportunamente una contestación u objeción. *Audiovisual Lang.,* 144 DPR a la pág. 573. Por tanto, si la parte interpelada no admite o niega lo requerido bajo juramento o presenta objeción escrita, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas". *Rivera Prudencio, supra*; *Audiovisual Lang.,* 144 DPR a la pág. 573.

No obstante, a pesar de que "[c]ualquier admisión hecha en conformidad con esta regla se considerará definitiva", el TPI, "previa moción al efecto, [puede] permit[ir] el retiro o enmienda de la admisión". Regla 33(b)*, supra*; *Audiovisual Lang., supra.*

IV.

Considerado lo dispuesto en la Regla 52.1, *supra*, concluimos que estamos impedidos de expedir el auto solicitado, pues la decisión recurrida no es de las contempladas por dicha regla.

Aun de entenderse que la Regla 52.1, *supra,* nos permitiría evaluar la petición de referencia, de conformidad con los criterios de la Regla 40, *supra,* igualmente declinaríamos la invitación del Patrono a intervenir con lo actuado por el TPI.

Contrario a lo planteado por el Patrono, el TPI tenía autoridad para permitir el retiro de las admisiones. Véase Regla 33(b), *supra;* De hecho, "en el ejercicio de [esta] discreción, **el tribunal debe interpretar la regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos**." *Audiovisual Lang,* 144 DPR a las págs. 573-574 (énfasis suplido). Más aún, el TPI "[d]ebe ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido…" *Íd.* "No se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Audiovisual Lang,* 144 DPR a la pág. 575.

En este caso, por tanto, no medió error de derecho del TPI, ni tampoco podemos concluir que el TPI hubiese abusado de su discreción al permitir la Contestación.

V.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones