Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LEGACY MORTGAGE ASSET TRUST 2019-PR1<br><br>Recurrido<br><br>v.<br><br>SUCESIÓN DE VALENTÍN MEDINA SANTOS, SUCESIÓN DE MARÍA PANTOJA GONZÁLEZ, MARÍA MEDINA PANTOJA Y OTROS<br><br>Peticionarios | KLCE202400982 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: TB2022CV00348<br><br>Sobre: Cobro de Dinero-Ordinario, Ejecución de Hipoteca |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de septiembre de 2024.

Comparece María Medina Pantoja (señora Medina Pantoja o la Peticionaria) mediante *Solicitud de Certiorari* a la que aneja *Solicitud en Auxilio de Jurisdicción*, y solicita la revocación de la *Resolución* emitida y notificada 23 de julio de 2024 por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario) así como la paralización de los procedimientos ante el foro primario. Mediante la *Resolución* recurrida el foro primario denegó la *Solicitud Informativa de Admisión Automática de Requerimiento de Admisiones* presentada por la Peticionaria el 22 de julio de 2024, durante el descubrimiento de prueba.

Por los fundamentos que expondremos a continuación denegamos la expedición del auto de *Certiorari* así como la *Solicitud en Auxilio de Jurisdicción*.

**I**

El tracto procesal que motiva la presentación del recurso de epígrafe inició con la Demanda sobre Cobro de Dinero y Ejecución

Número Identificador

SEN(RES)2024_____

de Hipoteca presentada el 4 de agosto de 2022, por Legacy Mortgage Asset Trust 2019-PR1 (Legacy o la Recurrida), en contra de la señora Medina Pantoja, entre otros demandados.[1]

El 22 de julio de 2024, la Peticionaria presentó *Solicitud Informativa de Admisión Automática de Requerimiento de Admisiones*.[2] En síntesis, la Peticionaria afirmó que el 22 de junio de 2024 notificó *Requerimiento de Admisiones* a Legacy; que el término de veinte (20) días para contestar venció el 12 de julio de 2024 sin que la Recurrida contestara o hubiese solicitado prórroga, en consecuencia  solicitó al TPI que ante el incumplimiento con dicho término, procediera a dar por admitidas automáticamente los requerimientos cursados, conforme a lo dispuesto de la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V.R.33.  Destacó la Peticionaria que al amparo de la doctrina vigente reiterada en *Audiovisuel Lang. V. Sist. Est. Natal Hnos.*, 144 DPR 563, 573 (1997), no era necesario que el foro primario emitiera una orden al respecto y que las controversias surgidas bajo ese procedimiento debían ser resueltas conforme a las disposiciones de la Regla 33 de Procedimiento Civil, supra, y no al amparo de la Regla 34.1 sobre disputas en torno al descubrimiento de prueba.

Mediante *Resolución* emitida y notificada 23 de julio de 2024, el foro primario denegó la *Solicitud Informativa de Admisión Automática de Requerimiento de Admisiones* presentada por la Peticionaria el 22 de julio de 2024.[3]

En desacuerdo, el 24 de julio de 2024, la señora Medina Pantoja solicitó reconsideración.[4]  Por virtud de la  *Resolución* de 21 de agosto de 2024, notificada al día siguiente, el foro primario declaró *No Ha Lugar*  la *Solicitud de Reconsideración*.[5]

---

[1] *Véase* páginas 1-33 del Apéndice de la *Solicitud de Certiorari*
[2] *Véase* páginas 338-350 del Apéndice de la *Solicitud de Certiorari*.
[3] *Véase* páginas 380-381 del Apéndice de la *Solicitud de Certiorari*.
[4] *Véase* páginas 390-401 del Apéndice de la *Solicitud de Certiorari*
[5] *Véase* páginas 421-423 del Apéndice de la *Solicitud de Certiorari*

Inconforme, la Peticionaria presentó el recurso de epígrafe acompañado de *Solicitud en Auxilio de Jurisdicción* y como único señalamiento de error sostiene lo siguiente:

> ABUSÓ DE SU DISCRECIÓN EL FORO *A QUO*, AL NO DAR POR ADMITIDO EL REQUERIMIENTO DE ADMISIONES CONTESTADO TARDÍAMENTE CUANDO 1. NO SOLICITAMOS ORDEN A EFECTOS DE QUE LO ADMITIERA; 2. NO SE OFRECIÓ JUSTA CAUSA PARA ELLO; Y 3. USAR LAS DISPOSICIONES REGLAMENTARIAS APLICABLES A LA REGLA 34 PERO QUE NO ESTÁN DISPONIBLES AL AMPARO DE LA REGLA 33.

## II

### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a

través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo de Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el

diario manejo y tramitación de los asuntos judiciales. *In re Collazo I*, 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* **El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente.** *In re Pagani Padró*, 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III**

Cuando se recurre de una determinación interlocutoria emitida por el foro primario, este Tribunal tiene discreción para expedir el recurso presentado ante su consideración. Conforme a lo anterior, nos corresponde evaluar si la controversia que nos ocupa se encuentra entre las establecidas en la Regla 52.1 de Procedimiento Civil, *supra* o sus excepciones. Además, debemos justipreciar si nos concierne ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.*

Luego de examinar el expediente y los argumentos esgrimidos por la Peticionaria, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra* y de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Lo anterior, debido a que la controversia versa en torno al manejo del descubrimiento de la prueba y manejo del caso por parte del foro primario, asunto que no está contemplado en la Regla 52.1 de Procedimiento Civil, *supra,* o sus excepciones.

Nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción, cuando de la actuación del foro *a quo* surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave injusticia. Reiteramos que, en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios. Por lo tanto, *denegamos* la expedición del auto de certiorari solicitado por la Peticionaria, así como la *Solicitud en Auxilio de Jurisdicción.*

**IV**

Por los fundamentos anteriormente expuestos  los cuales hacemos formar parte de esta Resolución, *denegamos* la expedición del auto de *certiorari* así como la *Solicitud en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones