Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ LUIS MARTÍNEZ<br><br>Demandante Peticionario<br><br>v.<br><br>UTIER Y OTROS<br><br>Demandada Recurrida | KLCE202500346 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV05200<br><br>Sobre:<br>Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece el señor José Ulises Martínez Vázquez (señor Martínez Vázquez o peticionario) vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 21 de enero de 2025. En dicho dictamen, el foro primario dio por admitido el Requerimiento de Admisiones. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

El 9 de junio de 2024, el peticionario presentó una *Demanda* por incumplimiento de contrato y cobro de dinero contra la Autoridad de Energía Eléctrica (AEE) y la UTIER. En específico, reclamó el pago de la licencia sindical que la AEE le adeuda por concepto de un periodo de hiato causado por esta durante las negociaciones del convenio

colectivo de esta con la UTIER.[1] Por su parte, la AEE presentó su *Contestación a Demanda.[2]*

El 10 de diciembre de 2024, la AEE le remitió al señor Martínez Vázquez el *Primer Pliego de Interrogatorio, Requerimiento de Producción de Documentos y Requerimiento de Admisiones.* El 17 de enero de 2025, la AEE radicó una solicitud para se de por admitido el *Requerimientos de Admisiones*, ya que el peticionario aún no lo había contestado.[3] El 19 de enero de 2025, el peticionario presentó su *Oposición a la Solicitud de Orden de la AEE*, en la que explicó que este es una persona de edad avanzada, sin acceso a recursos tecnológicos y residente de Lajas. Añadió que sus contestaciones estaban listas, solo faltaba que fuesen juramentadas. Indicó que estas serían remitidas a la AEE entre el 21 o 22 de enero de 2025.[4]

Así las cosas, el 21 de enero de 2025, el foro primario emitió *Orden* en la que declaró Ha Lugar la solicitud de AEE, por lo que dio por admitido las admisiones solicitadas por la AEE. No obstante, el 22 de enero de 2025, el peticionario presentó su contestación a *Interrogatorio y Requerimiento de Admisiones*.[5] Luego, el 5 de febrero de 2025, este presentó *Solicitud de Reconsideración de Orden,* en la que argumentó, entre otras cosas, que los hechos que la AEE solicita que se den por admitidos son cosa juzgada, ya que son contrarios a lo ya resuelto en un pleito previo.[6] Por su parte, la AEE radicó su *Oposición a la Solicitud de Reconsideración.*

---

[1] Apéndice 1 del peticionario, págs. 1-2.
[2] Apéndice 2 del peticionario, págs. 205-209.
[3] Apéndice 3 del peticionario, págs. 10-11.
[4] Apéndice 4 del peticionario, págs. 12-17.
[5] Apéndice 6 del peticionario, págs. 19-25.
[6] Apéndice 7 del peticionario, págs. 26-116

Finalmente, el 7 de marzo de 2025, el foro de primera instancia emitió *Orden* en la que declaró No Ha Lugar la *Solicitud de Reconsideración* del peticionario. El 9 de marzo de 2025, este radicó una *Segunda Solicitud de Reconsideración,* la cual no fue considerada por el foro primario. Insatisfecho, recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró (1) al no atender el planteamiento de que el requerimiento de admisiones no se podía dar por admitido si las instrucciones del mismo no surgían el término para contestar dicho requerimiento; (2) al utilizar consideraciones técnicas para ordenar admisiones tácitas para no resolver el caso en sus méritos; (3) al ordenar hechos contrarios a lo ya resuelto en un pleito previo que constituyen cosa juzgada.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en

ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000).

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al requerimiento de admisiones. En su parte pertinente, la norma procesal establece lo que sigue:

> (a) *Requerimiento de admisión.* — A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos, [...]
>
> Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. [...]
>
> .        .        .        .        .        .        .        .
>
> (b) *Efecto de la admisión.* — Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. [...]

Según se ha establecido, el requerimiento de admisiones no es propiamente un mecanismo de descubrimiento de prueba. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). Sin embargo, según comenta el tratadista Cuevas Segarra, es una herramienta sencilla

y económica, "de excepcional utilidad en la práctica contenciosa". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1000. La norma procesal autoriza a una parte a requerirle a otra que admita la veracidad de cualquier materia que se relacione con cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, así como la autenticidad de cualquier documento que se acompañe con el requerimiento. Íd. Este instrumento "persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, pág. 571.

En lo que compete al caso del epígrafe, la norma procesal dispone expresamente que la parte a la que se le cursó un requerimiento de admisiones tiene un plazo de veinte (20) días para formular su contestación, suscrita bajo juramento, u objetar contestar, con fundamentos. El interpelado tiene un deber afirmativo de responder y efectuar las gestiones necesarias para obtener la información para admitir o negar. *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico (marzo 2008), pág. 361-362; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171-172 (2007). De incumplir con el término reglamentario, las cuestiones sobre las cuales se solicitó la admisión se tendrán por admitidas automáticamente. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, pág. 573. En este sentido, la Regla en cuestión no requiere que el tribunal emita una orden a esos efectos. Íd.

Nuestro Tribunal Supremo ha expresado que con esta norma se busca evitar que una parte, mediante actuaciones que demuestren dejadez y desidia, dilate los procedimientos judiciales. *Rivera Prudencio v. Mun. de San Juan*, *supra*, pág. 174. Además, nuestro más Alto Foro local ha expresado que las disposiciones de la Regla 33 no son meramente directivas, sino obligatorias, por lo que se requiere su cumplimiento sustancial. Claro está, al igual que ocurre con cualquier regla procesal, no se debe permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Íd., págs. 574-575.

En el caso de autos, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción o actuado erróneamente al dar por admitido el requerimiento de admisiones. Del expediente se desprende que el 10 de diciembre de 2024, la AEE le concedió al peticionario 30 días para entregar el *Pliego de Interrogatorio, Requerimiento de Producción de Documentos y Requerimiento de Admisiones*. Conviene destacar que, claramente surgía de las instrucciones el término de entrega de dichos documentos, y que este fue aún mayor de los veinte (20) días que provee la Regla 33 de Procedimiento Civil, *supra*.

A pesar de que el señor Martínez Vázquez solicitó prórroga para cumplimentar el requerimiento de admisiones, su solicitud fue presentada el 19 de enero de 2025, es decir, 10 días después de vencido el término para contestar el requerimiento. De modo que, el peticionario no contestó el requerimiento de admisiones dentro del término que tenía para ello, y debido a que su petición de prórroga fue tardía, es claro que el requerimiento de admisiones se dio por admitido. Recordemos que la labor apelativa en el ámbito de un *certiorari* como el presente está

limitada a que el foro primario no desborde los límites de su discreción, al margen de si este Tribunal hubiese actuado distinto de estar en el estrado sentenciador. En ese sentido, este foro no debe de entender en asuntos sobre manejo de caso, salvo que se demuestre un fracaso a la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones