AUDIOVISUAL LANGUAGE, ETC., recurridos, *v.* SISTEMA DE ESTA-
CIONAMIENTO NATAL HERMANOS, ETC., peticionario.

*Número:* CC-95-126 *Resuelto:* 15 de diciembre de 1997

■■■■■■■■■■

*Ada A. García Medina*, abogada de la parte peticionaria; *Efrén José Bula López*, abogado de la parte recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

La resolución de este caso hace necesaria la modificación de algunos de los pronunciamientos hechos por este Tribunal al amparo de la anterior Regla 33 de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. II). Además, requiere que hagamos un análisis de los cambios introducidos a dicha regla en 1979 (32 L.P.R.A. Ap. III) y del uso de los requerimientos de admisiones en la obtención de una sentencia sumaria en un caso de daños y perjuicios.

A continuación exponemos los hechos pertinentes.

I

*Hechos*

El 14 de abril de 1994, Audiovisual Language (en adelante Audiovisual) y el Sr. Miguel Tanuz presentaron una demanda contra el Sistema de Estacionamiento Natal Hermanos (en adelante Natal) y su compañía aseguradora de nombre desconocido.([1]) Reclamaron varias partidas en concepto de daños; entre éstos, calcularon en más de doce mil quinientos dólares ($12,500) los daños ocasionados al vehículo; en dos mil dólares ($2,000) el costo de transportación, y en quince mil dólares ($15,000) las angustias mentales

---

([1]) En el epígrafe de la demanda esta compañía aseguradora aparece como la Compañía Aseguradora X, Y, Z. En la alegación Núm. 4 se indicó que tan pronto se adviniera en conocimiento del nombre de dicha compañía de seguros, se haría la sustitución correspondiente.

sufridas. Alegaron que todos estos daños surgieron como consecuencia de un accidente ocurrido en el área de estacionamiento de un local comercial en Santurce de nombre "Peggy Sue", mientras un empleado de Natal tenía la posesión del vehículo. Arguyeron, además, que Natal opera y administra un sistema de estacionamiento de vehículos (*valet parking*). Luego de una serie de trámites procesales, el 7 de junio de 1994 la parte demandada presentó su contestación a la demanda y el 29 de junio hizo la sustitución de la compañía aseguradora, National Insurance Company, Inc. (en adelante National) que había sido incluida originalmente en la demanda con el nombre ficticio de X, Y, Z.[2]

Así las cosas, el 22 de julio la parte demandante presentó dos (2) mociones informativas mediante las cuales hizo constar el envío de un requerimiento de admisiones y un interrogatorio tanto al codemandado Natal como a la codemandada National. El requerimiento enviado al codemandado Natal[3] contenía, en lo pertinente, lo siguiente:

2. Admita o niegue que para el día 30 de enero de 1994 usted (la compañía) era administrador del estacionamiento con servicio de "vallet parking" [sic], frente a "Peggy Sue".

3. Admita o niegue que para el 30 de enero de 1994 un empleado que trabajaba para la compañía Natal, entre sus funciones hacía las veces de conductor de "vallet parking" [sic] y sufrió un accidente con el vehículo Ford Lincoln, 1987, perteneciente al demandante.

4. Admita o niegue que para el 30 de enero de 1994 usted tenía en pleno vigor una póliza de seguro de responsabilidad pública con National Insurance Company para cubrir eventualidades como la que provoca esta acción.

5. Admita o niegue que National Insurance Company y/o Sistema de Estacionamiento Natal Hermanos, no han hecho

---

[2] Véase el escolio 1.

[3] Aunque en los apéndices de los recursos presentados ante este Tribunal y ante el Tribunal de Circuito de Apelaciones aparece un requerimiento de admisiones dirigido a la codemandada National, en los autos originales del foro de instancia no consta este documento.

pago alguno al demandante por concepto de los daños y perjuicios reclamados en la demanda.

6. Admita o niegue que Natal asumió la responsabilidad por los daños ocasionados por el accidente a la parte aquí compareciente y luego se ha negado a pagar.

7. Admita o niegue que el 30 de enero de 1994 se preparó un informe por la Policía de Puerto Rico con relación al accidente y los daños del demandante y éste se preparó a petición de ustedes.

8. Admita o niegue que para la fecha en que contesta este requerimiento de admisiones, el empleado que manejaba el auto del demandante para el 30 de enero de 1994, trabajaba con el Sistema de Estacionamiento Natal Hermanos.

9. Admita o niegue que el demandante y/o su representación legal han hecho gestiones extrajudiciales en vía de recuperar los daños del demandante y ustedes se han negado a satisfacer los mismos.

10. Admita o niegue que la demanda del epígrafe aduce hechos que ameritan la concesión de un remedio.

11. Admita o niegue que la causa próxima de los daños alegados que provocan esta acción fue única y exclusiva responsabilidad de los demandados y que éstos responden solidariamente al demandante por todas las sumas reclamadas.

12. Admita o niegue que los daños sufridos por la parte demandante son los reclamados en la súplica de la demanda.

13. Admita o niegue que la póliza de seguro vigente para el 30 de enero de 1994, es suficiente para cubrir todos y cada uno de los daños reclamados por el demandante en la demanda.

14. Admita o niegue que el límite de responsabilidad pública en la póliza que National Insurance Company mantenía para responder por los daños ocasionados por Sistema de Estacionamiento Natal Hermanos, sus agentes o representantes, excede los $75,000.

El 1ro de septiembre la parte demandante solicitó que se diera por admitido el requerimiento de admisiones y se ordenara a Natal contestar el interrogatorio. El 8 de septiembre el tribunal dió por admitido el requerimiento de admisiones; además, concedió a la parte demandada un término para contestar el interrogatorio. Así, pues, y amparándose en que el requerimiento de admisiones dirigido al codemandado Natal se había dado por admitido, la parte demandante, el 16 de noviembre de 1994, interpuso una

moción mediante la cual solicitó que se dictase sentencia sumaria. Con esta moción se acompañó una copia del requerimiento de admisiones.

El 22 de noviembre la codemandada Natal presentó una moción para oponerse a que se dictase sentencia sumaria. No la acompañó con documento alguno. En un intento, que no encuentra apoyo en las reglas procesales, trató de contestar tardíamente el requerimiento de admisiones. Esto lo hizo alegando escuetamente: (1) que el requerimiento de admisiones no había sido admitido; (2) que el requerimiento de admisiones había sido contestado,([4]) y (3) que en él se negaron varios hechos materiales: que Natal no es administrador del estacionamiento; que el asegurado no asumió responsabilidad por el pago de los daños reclamados; que la demanda aduce hechos que ameritan la concesión de un remedio, y que hubo negligencia por parte del empleado. Arguyó también "que la póliza existente cubre el riesgo por conducta negligente del asegurado dentro de los términos y límites establecidos en el contrato de seguro" y que los "alegados hechos admitidos no guardan similitud con los mencionados en el requerimiento de admisiones". No elaboró estos planteamientos ni realizó discusión de derecho alguna. El 2 de diciembre la parte demandante presentó una réplica a esta moción. Sin que la demandada hubiese contestado aún el requerimiento de admisiones ni el interrogatorio que le fuese sometido, el 22 de diciembre de 1994 el foro de instancia dictó la sentencia.([5]) Declaró con lugar la demanda y ordenó a la parte demandada pagar de forma solidaria la cantidad total reclamada de vein-

---

([4]) Ni de los autos originales en el Tribunal de Primera Instancia ni de los del Tribunal de Circuito de Apelaciones aparece contestación alguna. Tampoco se incluyó la contestación a que se hace referencia en el apéndice del recurso de *certiorari* presentado ante nos.

([5]) Tanto el requerimiento de admisiones como el interrogatorio requieren que sean contestados bajo juramento. Reglas 30 y 33 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En cuanto a los interrogatorios, la demandada sometió al tribunal contestaciones sin juramentar. En lo que respecta al requerimiento de admisiones se limitó a refutarlo en su moción en oposición a que se dictase sentencia sumaria.

tinueve mil quinientos dólares ($29,500), más la suma de mil quinientos dólares ($1,500) en concepto de honorarios de abogado. De esta sentencia Natal, oportunamente, solicitó reconsideración. Al no ser acogida ésta se entendió como rechazada de plano. El 16 de febrero de 1995 apeló ante el Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito).

El 10 de octubre de 1995 el Tribunal de Circuito emitió una sentencia mediante la cual confirmó el dictamen del Tribunal de Primera Instancia. Determinó que el tribunal de instancia no abusó de su discreción al dar por admitido el requerimiento de admisiones y dictar la sentencia sumaria solicitada.

Oportunamente, la parte demandada presentó ante nos un recurso de *certiorari*. Alegó la comisión del error siguiente:

> Erró el Tribunal de Circuito al confirmar la sentencia del tribunal de instancia, la cual se originó en una solicitud de Sentencia Sumaria apoyada en la admisión tácita de la demandada de requerimientos ajenos al propósito y uso normal de éstos.

El 28 de diciembre de 1995 emitimos una orden dirigida a la demandante recurrida para que mostrase causa por la cual no deberíamos expedir el recurso solicitado y modificar la sentencia dictada por el Tribunal de Circuito a los fines de dejar sin efecto aquella parte de la sentencia del tribunal de instancia que adjudica el monto de los daños y devolver el caso al foro de instancia para que, previo juicio al efecto, determine los daños. La parte demandante recurrida compareció y estando el Tribunal en posición de decidir, así procedió a hacerlo según lo intimado, y sin ulteriores procedimientos.

II

*Requerimiento de admisiones—Regla 33 de Procedimiento Civil*

█ La Regla 33 de Procedimiento Civil, *supra*, sobre el requerimiento de admisiones, persigue el propósito de aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas. Mediante esta regla procesal, aunque no es propiamente un mecanismo de descubrimiento de prueba, se pueden lograr "admisiones que pueden usualmente evadirse al contestar las alegaciones o interrogatorios o las preguntas formuladas en el curso de una deposición". *Rosado v. Tribunal Superior*, 94 D.P.R. 122, 133 (1967). Véanse, además: *Pérez Cruz v. Fernández*, 101 D.P.R. 365, 373 (1973), y 8A *Wright and Miller, Federal Practice and Procedure: Civil 2d* Secs. 2251–2252 (1994).

En 1970 se enmendó extensamente la Regla 36 de Procedimiento Civil federal, 28 U.S.C., de donde proviene nuestra Regla 33, *supra*. El propósito de esta enmienda fue resolver conflictos interpretativos que habían surgido en los tribunales federales para que la regla pudiese servir mejor los propósitos para los cuales fue creada. Entre los cambios que sufrió dicha regla figura, específicamente, que mediante un requerimiento de admisiones se le pueda solicitar a una parte que admita la veracidad de cualquier materia dentro del alcance de la Regla 26(b)(1) federal, 28 U.S.C.,[6] que se relacione con cuestiones de hechos u opiniones de hechos o con la aplicación de la ley a los hechos. La regla también aclaró que no se puede objetar un requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; o sea, que se

_____

[6] Nuestra Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, equivale a la Regla 26(b)(1) federal, 28 U.S.C.

trata de un hecho que está en disputa, que debería diluci-
darse en un juicio en los méritos. Las enmiendas hicieron
claro que el requerimiento de admisiones podía utilizarse
para luego solicitar una sentencia sumaria, resolviendo así
posiciones conflictivas que hasta ese momento existían en
los tribunales federales. *Wright and Miller*, supra, Secs.
2251 y 2256.

En 1979 se aprobaron las Reglas de Procedimiento Civil
que actualmente rigen los procedimientos en el Tribunal
de Primera Instancia.([7]) Dentro del esquema general au-
tóctono adoptado para el descubrimiento de prueba que
deja en manos de los abogados esta etapa del proceso judi-
cial, incorporamos a la citada Regla 33 los cambios que
previamente se habían hecho formar parte de la Regla 36
federal, *supra*. *Lluch v. España Service Sta.*, 117 D.P.R.
729, 743–744 (1986). A pesar de que han transcurrido
aproximadamente dieciocho (18) años desde que en 1979 se
adoptaron las Reglas de Procedimiento Civil, aún no ha-
bíamos tenido la oportunidad de interpretar el efecto de los
cambios introducidos a la Regla 33, *supra*, sobre la figura
procesal del requerimiento de admisiones.

 Al amparo de la Regla 33 actual, *supra*, se
puede requerir que se admita la veracidad de cualquier
materia que esté dentro del alcance de la Regla 23.1 de
Procedimiento Civil, 32 L.P.R.A. Ap. III. Esto incluye he-
chos que están en controversia y opiniones relacionadas
con los hechos o con la aplicación de la ley a éstos. El ám-
bito de la anterior Regla 33 de Procedimiento Civil de
1958, *supra*, era mucho más limitado. Sólo se permitía el
requerimiento de admisiones de hechos pertinentes que no
estuvieran en disputa. *Pérez Cruz v. Fernández,* supra.
Ahora bien, tanto bajo la Regla 33 actual, *supra*, como bajo

---

([7]) Las enmiendas a las Reglas de Procedimiento Civil, aprobadas el 25 de di-
ciembre 1995, no efectuaron cambios a la Regla 33. Ley Núm. 249 de 25 de diciembre
de 1995 (32 L.P.R.A. Ap. III).

la anterior, no se permiten requerimientos de admisiones sobre una materia puramente legal, aunque sí se puede requerir la admisión de la aplicación de la ley a los hechos. *Wright and Miller*, supra, Sec. 2255; *Diederich v. Department of Army*, 132 F.R.D. 614, 617 (1990). Luego de los cambios introducidos a la referida Regla 33 en 1979, ésta puede utilizarse como base para la presentación de una moción para solicitar sentencia sumaria bajo la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Wright and Miller*, supra, Sec. 2254. Al amparo de la anterior regla de 1958, éste no era un uso permisible. Por lo tanto, cualquier expresión nuestra en *Pérez Cruz v. Fernández*, supra, pág. 373, a esos efectos, hecha al amparo de la Regla 33 anterior, carece de validez bajo la norma procesal vigente. Lo mismo ocurre con cualquier expresión a esos efectos hecha en *Menéndez García v. Tribunal Superior*, 101 D.P.R. 667 (1973), y *Rosado v. Tribunal Superior*, supra.

■ Para poderse confrontar efectivamente con un requerimiento de admisiones, la parte tiene que, *bajo juramento, admitir o negar lo requerido u objetarlo*. Para negar u objetar tendrá un término de veinte (20) días contados desde que se le notificó el requerimiento o dentro del término que el tribunal le hubiese concedido. Bajo la regla anterior, el plazo para contestar lo designaba el propio promovente en el requerimiento, con la única limitación de que éste no podía ser menor de diez (10) días contados a partir de su notificación. Si la parte no cumple con este término, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas. No se requiere que el tribunal emita una orden. Regla 33(a) de Procedimiento Civil, *supra*. Esta admisión se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a ésta. Regla 33(b) de Procedimiento Civil, *supra*. En el ejercicio de su discreción el tribunal debe interpretar la regla de forma flexible para

favorecer en los casos apropiados que el conflicto se dilucide en los méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello.

■ Con relación a las objeciones, se introdujeron cambios para especificar con más detalle las razones que se podrán exponer para apoyar una alegación de que no se puede contestar o negar lo requerido. Se indica que no se permite aducir como razón para no contestar el requerimiento de admisiones "la falta de información o conocimiento, a menos que se demuestre que se han hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar". Regla 33(a) de Procedimiento Civil, *supra*. Tampoco se permite "objetar un requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable". Íd.

■ Distinto a la anterior Regla 33, *supra*, la regla actual específicamente contiene los criterios que el tribunal tiene que utilizar al ejercer su facultad discrecional para permitirle a una parte retirar o modificar una admisión. Éstos son más flexibles, o sea, menos rígidos que los que esbozamos en *Pérez Cruz v. Fernández*, supra, pág. 377, al amparo de la regla anterior. La Regla 33, *supra*, dispone que el tribunal podrá, "[s]ujeto a lo dispuesto en la Regla 37 que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, ... permitir el retiro o enmienda de la admisión *si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa*". (Énfasis suplido.) Regla 33(b) de Procedimiento Civil, *supra*.

■ Ahora bien, las disposiciones de la Regla 33 son mandatorias, no meramente directivas, lo que requiere que

haya un cumplimiento sustancial con las mismas. Sin embargo, al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Las Reglas de Procedimiento Civil "[s]e interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento". Regla 1 de Procedimiento Civil, *supra. Véase* 8A *Wright and Miller*, supra, Sec. 2252.

Pasemos ahora a examinar la figura procesal de la sentencia sumaria. Regla 36 de Procedimiento Civil, *supra.*

## III

*Sentencia Sumaria—Regla 36 de Procedimiento Civil*

Reiteradamente hemos resuelto que la sentencia sumaria es un remedio extraordinario y discrecional que sólo debe concederse cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. Cualquier duda sobre la existencia de una controversia sobre los hechos materiales debe resolverse contra la parte promovente. Esta puede dictarse a favor o en contra del promovente, según proceda en derecho. El propósito de la sentencia sumaria es "aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos, cuando de los documentos no controvertidos que se acompañan con la solicitud surge que 'no existe una legítima disputa de hecho a ser dirimida, ... sólo resta aplicar el derecho' ". (Citas omitidas.) *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720 (1986). Véanse, además: *Marín v. American Int'l Ins. Co. of P.R.*, 137 D.P.R. 356 (1994); *Soto v. Hotel Caribe Hilton*, 137 D.P.R. 294 (1994); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 D.P.R. 624 (1994); *Medina v.*

*M.S. & D. Química P.R., Inc.*, 135 D.P.R. 716 (1994); *Consejo Tit. C. Parkside v. MGIC Fin. Corp.*, 128 D.P.R. 538 (1991); *Roig Com. Bank v. Rosario Cirino*, 126 D.P.R. 613, 617–618 (1990); *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272, 279–281 (1990); *M.J.C.A., menor v. J.L.E.M., menor*, 124 D.P.R. 910 (1989); *Tello, Rivera v. Eastern Airlines*, 119 D.P.R. 83 (1987).

Una vez el promovente presenta una moción de sentencia sumaria avalada por "deposiciones, contestaciones a interrogatorios y *admisiones* ofrecidas en unión a las declaraciones juradas, si las hubiere" (énfasis suplido), si la parte contraria quiere defenderse la norma es que no puede cruzarse de brazos. Como regla general, para derrotar una moción de sentencia sumaria no basta con la presentación de meras alegaciones, hay que presentar contra-declaraciones juradas y documentos que creen una genuina controversia sobre hechos materiales sustanciales.

También hemos resuelto que nuestra Regla 36.3 es más amplia que la anterior Regla 36.3 de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. II) y que su contraparte federal, la Regla 56(c) de Procedimiento Civil federal. Al amparo de la actual Regla 36, *supra*, y luego de cumplir con lo dispuesto en la Regla 43.5, *supra*, el tribunal puede dictar sentencia sumaria parcial interlocutoria. Puede, pues, resolver cualquier controversia entre las partes que sea separable de las controversias restantes. *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20, 25–27 (1986).

Siendo la sentencia sumaria un remedio discrecional, "[e]l *sabio discernimiento* es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido procedimiento de ley". (Énfasis en el original.) *Roig Com. Bank v. Rosario Cirino*, supra, pág. 617. Después de todo, las reglas procesales han de interpretarse y aplicarse de forma tal "que garanticen una solución justa, rápida y eco-

nómica de todo procedimiento". Regla 1 de Procedimiento Civil, *supra*.

 Cónsono con lo anterior, hemos resuelto que "hay litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de 'affidavits' o deposiciones". *Soto v. Hotel Caribe Hilton*, supra, pág. 301, citando a *García López v. Méndez García*, 88 D.P.R. 363, 380 (1963). Identificamos como controversias de esta naturaleza, aquellas que contienen elementos subjetivos, o sea, aquéllas en las que "el factor credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo". (Énfasis suprimido.) Íd.

En el pasado también hemos advertido que

[l]os efectos de no formular una contestación al requerimiento bajo la Regla 33 ... pueden ser desastrosos para la parte requerida, *quien se coloca prácticamente en la situación de una parte en rebeldía* con respecto a las admisiones requeridas por el proponente, viéndose impedido, normalmente, de refutarlas. En la administración de esta medida, los jueces debemos ofrecerle el máximo de eficacia cónsono con la letra y propósito de la regla reduciendo al mínimo la posibilidad de perjuicio a las partes. (Énfasis suplido.) *Menéndez García v. Tribunal Superior*, supra, pág. 669.

 Cónsono con lo anteriormente expuesto, cabe señalar que aun en aquellos casos tramitados en rebeldía, cuya consecuencia inmediata es que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda,([8]) hemos insistido en la obligación que tiene el tribunal de celebrar una vista en la cual se exija evidencia para determinar el importe de los daños o comprobar la

---

([8]) Véanse: Reglas 45.1 y 45.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

veracidad de cualquier aseveración. *Continental Ins. Co. v. Isleta Marina*, 106 D.P.R. 809 (1978). Véanse, además: *Marín v. Fastening Systems, Inc.*, 142 D.P.R. 499 (1997); *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996). Igual norma adoptamos en casos como el de autos en que se solicita que se dicte sentencia sumaria a base de una admisión tácita sobre la cuantía de los daños reclamados obtenida mediante un requerimiento de admisiones.

Tomando en consideración los principios procesales normativos antes expuestos, procede aplicarlos a los hechos del caso de autos.

## IV

### *Aplicacion de las normas procesales a los hechos*

En el presente caso, la parte demandante le sometió a la codemandada Natal un requerimiento de admisiones. Ésta no lo contestó u objetó. El requerimiento no sólo quedó admitido tácitamente por virtud del transcurso del término que concede la Regla 33, *supra*, para contestar u objetar, sino que fue específicamente dado por admitido por el tribunal. Es a base de estas admisiones que la parte demandante solicito que se dictara sentencia sumaria. A esta solicitud la parte demandada se opuso mediante una moción en la que se limitó a hacer meras alegaciones, sin siquiera llevar a cabo un análisis de los hechos y una discusión del derecho aplicable. No controvirtió los hechos avalados por el requerimiento de admisiones con contradeclaraciones juradas y documentos, según lo requiere la citada Regla 36. Así las cosas, el tribunal de instancia dictó la sentencia sumaria que es objeto de este recurso. Concedió la totalidad de los daños solicitados.

La azarosa trayectoria procesal de este caso denota una falta de conocimiento de las reglas procesales y su manejo. De los escritos de la parte demandada surge que, en gran medida, la tardanza y el incumplimiento en la etapa de

descubrimiento de prueba se debió a la estructura desarrollada por los demandados para el manejo de las reclamaciones, combinada con la falta de conocimiento técnico de su representación legal sobre la utilización y el manejo de las normas procesales.

La parte demandada formalmente aún no ha contestado u objetado el requerimiento de admisiones que le fue solicitado. Ahora bien, tanto en la moción en oposición a que se dictase sentencia sumaria como en la moción de reconsideración a la sentencia, solicitó que se dejasen sin efecto las admisiones y se procediese a ver el caso en los méritos.

Un análisis del requerimiento de admisiones a la luz de las alegaciones refleja que por lo menos una de ellas, la número 12, contiene materia que debió haber sido objeto de una vista en los méritos. Mediante este requerimiento se le pide a la codemandada Natal que "[a]dmita o niegue que los daños sufridos por la parte demandante son los reclamados en la súplica de la demanda". En la demanda a su vez se reclaman veintinueve mil quinientos dólares ($29,500) en daños que se desglosan de la manera siguiente: (1) "el vehículo perteneciente al demandante sufrió daños que sobrepasan los doce mil quinientos dólares ($12,500), sin incluir labor de mécanica que tenga que hacerle a la unidad por el fuerte impacto que recibió"; (2) por canon de arrendamiento de medio de transportación incurrió en dos mil ($2,000), y (3) por angustias mentales "al verse privado de transporte y al hacer gestiones, todas ellas infructuosas, para lograr que los responsables de sus daños satisfagan los mismos", quince mil dólares ($15,000).

Estamos ante admisiones tácitas de unos hechos, algunos de los cuales, por su naturaleza, deberían estar avalados por documentos que no se incluyeron con la moción de sentencia sumaria, ni se hicieron formar parte del requerimiento de admisiones, como son los gastos de reparación

del vehículo y los gastos de transportación. El tribunal no tuvo ante sí toda la verdad para poder adjudicar con justicia la reclamación. En cuanto a los daños reclamados por angustias mentales, éstos son altamente subjetivos y su valoración depende en gran medida del factor credibilidad. Se requería una vista para su adjudicación. De otra parte, los demandantes no han demostrado, ni en instancia ni ante el Tribunal de Circuito ni ante este Tribunal, que el retiro de estas admisiones afectará adversamente su reclamación. Bajo estas circunstancias, tanto el Tribunal de Circuito como el tribunal de instancia se equivocaron al no permitir el retiro de estas admisiones y dictar una sentencia sumaria basándose en ellas. Permitir su retiro contribuiría a la disposición del caso en los méritos y no afectaría adversamente la reclamación del promovente.

Una vez permitido el retiro de las admisiones sobre daños, lo que procedía era que el foro de instancia, utilizando su "sabio discernimiento", dictara una sentencia sumaria parcial interlocutoria sobre la controversia de la negligencia y señalara para vista en los méritos el aspecto de los daños reclamados.

Por los fundamentos antes expuestos, *se dictará sentencia modificando la recurrida a tenor con lo previamente expuesto en esta Opinión y devolviendo el caso al tribunal de instancia para que, previo juicio al efecto, determine el monto de los daños reclamados.*

Los Jueces Asociados Señores Negrón García y Rebollo López concurrieron sin opinión escrita.