Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CATAÑO<br><br>Demandante - Recurrido<br><br>v.<br><br>ISLAND BUILDERS, CORP., **OSCAR SANTAMARÍA TORRES** Y OTROS<br><br>Demandados – Peticionario | KLCE202500581<br><br>consolidado con | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: BY2021CV05209 (401)<br><br>Sobre: Cobro de Dinero – Ordinario y otros |
| MUNICIPIO AUTÓNOMO DE CATAÑO<br><br>Demandante - Recurrido<br><br>v.<br><br>**ISLAND BUILDERS, CORP.**, OSCAR SANTAMARÍA TORRES Y OTROS<br><br>Demandados – Peticionario | KLCE202500621 | |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

El Tribunal de Primera Instancia ("TPI") denegó unas solicitudes dirigidas a dejar sin efecto la admisión tácita de los asuntos contenidos en unos requerimientos de admisiones no contestados oportunamente. Según se explica en detalle a continuación, concluimos que erró el TPI porque, en las circunstancias particulares de este caso, existían buenas razones para relevar a los demandados del efecto de las admisiones.

Número Identificador
SEN2025_____

I.

En diciembre de 2021, el Municipio de Cataño (el "Municipio") presentó la acción de referencia (la "Demanda"), sobre nulidad de contrato, restitución y daños. La Demanda se dirigió contra, en lo pertinente, Island Builders, Corp. (la "Corporación"), y el Sr. Oscar Santamaría Torres (el "Individuo").

Se alegó que el Municipio y la Corporación formalizaron varios contratos, y que el Municipio le había desembolsado fondos a la Corporación como resultado de ello. El Municipio solicita la devolución de dichos fondos sobre la base de que los referidos contratos fueron, supuestamente, otorgados "mediando fraude, dolo, conspiración, soborno y *kickbacks*" entre el entonces alcalde del Municipio (el "ExAlcalde") y el Individuo, quien se alegó era el "dueño" de la Corporación.

En marzo de 2025, el Municipio le cursó al Individuo un *Primer Pliego de Interrogatorios, Requerimiento de Producción de Documentos y Requerimiento de Admisiones* (el "Requerimiento al Individuo"). Entre otros asuntos, se requirió que el Individuo admitiera que: (i) "hizo pagos al ExAlcalde a cambio de la otorgación de contratos" a la Corporación; (ii) "hizo obsequios a funcionarios municipales a cambio de la otorgación de contratos" a la Corporación; (iii) "hizo pagos a funcionarios municipales a cambio de la otorgación de contratos" a la Corporación; (iv) la Corporación "fue contratada por el Municipio … debido a regalos o pagos a algún funcionario público de dicha entidad"; (v) "el trabajo por el cual [la Corporación] fue contratad[a] por el Municipio no fue completado".

En igual fecha, el Municipio le cursó a la Corporación un *Primer Pliego de Interrogatorios, Requerimiento de Producción de Documentos y Requerimiento de Admisiones* (el "Requerimiento a la Corporación"; junto al Requerimiento al Individuo, los "Requerimientos"). Entre otros asuntos, se requirió que la

Corporación admitiera que: (i) "obtuvo, al menos, un contrato con el Municipio … como resultado de pagos o regalos hechos por" el Individuo; (ii) el Individuo "otorgó obsequios al [ExAlcalde] a cambio de la adjudicación de contratos" a la Corporación; (iii) el Individuo "hizo obsequios a funcionarios municipales a cambio de la otorgación de contratos" a la Corporación; (iv) el Individuo "hizo pagos a funcionarios municipales a cambio de la otorgación de contratos" a la Corporación; (v) la Corporación "fue contratada por el Municipio" para "al menos, un contrato, debido a regalos o pagos a algún funcionario público de dicha entidad"; (vi) "el trabajo por el cual [la Corporación] fue contratad[a] por el Municipio no fue completado".

El **5 de abril**, el Municipio presentó una moción para que el TPI diera por admitidos los asuntos objeto de los Requerimientos. Informó que, el **13 de marzo**, había enviado los Requerimientos a los representantes legales del Individuo y de la Corporación, por lo cual los mismos debieron ser contestados en o antes del **2 de abril**. El Municipio afirmó, no obstante, que ni el Individuo ni la Corporación habían respondido a los Requerimientos ni solicitado prórroga. Solicitó que el TPI diera por admitidos todos los asuntos objeto de los Requerimientos.

Mediante una Orden notificada el **10 de abril**, el TPI accedió a lo solicitado por el Municipio.

El 25 de abril, el Individuo presentó una *Solicitud de Reconsideración* (la "Moción del Individuo"). Señaló que, "luego de mantener un caso totalmente inactivo por más de un año", y cuando el Individuo "com[enzó] a extinguir su tiempo en prisión", el Municipio notificó el requerimiento en controversia. La representación legal del Individuo indicó que, por el confinamiento de este, y por los traslados que han ocurrido, se ha "dificulta[do] el contacto con él". Solicitó al TPI que le concediera un "término

razonable para localizar a nuestro cliente" y coordinar la presentación de una contestación al descubrimiento cursado.

Mientras tanto, el mismo día, la Corporación presentó una *Solicitud de Reconsideración* (la "Moción de la Corporación"; junto a la "Moción del Individuo", las "Mociones"). Señaló que el Municipio no había realizado trámite en el caso por un año y ocho meses. Informó que, el 24 de abril, le había enviado al Municipio una contestación al Requerimiento a la Corporación. Planteó que, contrario a lo que requiere la regla aplicable, el Municipio había omitido notificarle, en el requerimiento correspondiente, que, de no contestarse los requerimientos de admisiones en el término dispuesto, se entenderían admitidos los asuntos objeto del mismo. Finalmente, arguyó que, bajo los términos de la Regla 33(B), *infra*, y a raíz de la Moción de la Corporación, en el ejercicio de su discreción, el TPI debió permitir el retiro de las admisiones en controversia.

El Municipio se opuso a esta moción; reiteró que, dentro del término aplicable, los peticionarios no habían contestado los Requerimientos o solicitado prórroga. También resaltó que no se habían opuesto a la moción que presentó el 5 de abril (cuya resolución fue notificada por el TPI el 10 de abril).

Mediante una Orden notificada el 29 de abril, el TPI denegó la Moción del Individuo (la "Primera Orden"). Similarmente, mediante una Orden notificada el 6 de mayo, el TPI denegó la Moción de la Corporación (la "Segunda Orden"; junto a la "Primera Orden", las "Órdenes").

El 29 de mayo, el Individuo presentó uno de los recursos de referencia, en solicitud de revisión de la Primera Orden (KLCE202500581). Consignó que "está puesto para ser excarcelado en el mes de agosto de 2025 y estará disponible para participar del descubrimiento de prueba próximamente, y así poder ventilar el caso en sus méritos". Arguyó que el TPI debió permitir, a raíz de la

Moción del Individuo, "el retiro de las admisiones" bajo la Regla 33(b) de las de Procedimiento Civil, *infra.*

El 5 de junio, e inconforme con la Segunda Orden, la Corporación presentó el otro de los recursos que nos ocupa (KLCE202500621), en el cual reproduce lo planteado ante el TPI al respecto. En particular, resaltó que, al contestar la Demanda, alegó que no participó en conducta ilegal alguna y que había realizado los trabajos contratados "sin que mediaran quejas por parte del Municipio".

Mediante una Resolución de 9 de junio, consolidamos los recursos de referencia y le ordenamos al Municipio que, en o antes del 16 de junio, mostrara causa por la cual no debíamos expedir los autos solicitados y revocar las Órdenes. **El Municipio no compareció**. Resolvemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el

Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. ...

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación, o desestimación, de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

La Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 33, reglamenta lo relacionado con los requerimientos de admisiones. *Rivera Prudencio v. Mun. San Juan,* 170 DPR 149, 171 (2007); *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563 (1997); J.A. Cuevas Segarra, *op cit.,* pág. 565.

Según allí dispuesto, "[t]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifi[que] a la parte que requiere la admisión, una contestación suscriba bajo juramento por la parte o una objeción escrita sobre la materia." Regla 33(a), *supra.*

"No se requiere que el tribunal emita una orden" para que se den por admitidas las materias del requerimiento sobre las cuales no se notificó oportunamente una contestación u objeción. *Audiovisual Lang.,* 144 DPR a la pág. 573. Por tanto, si la parte interpelada no admite o niega lo requerido bajo juramento o presenta objeción escrita, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas". *Rivera Prudencio, supra*; *Audiovisual Lang.,* 144 DPR a la pág. 573.

No obstante, a pesar de que "[c]ualquier admisión hecha en conformidad con esta regla se considerará definitiva", el TPI, "previa moción al efecto, [puede] permit[ir] el retiro o enmienda de la admisión". Regla 33(b), *supra*; *Audiovisual Lang., supra.* "En el ejercicio de su discreción el tribunal debe interpretar la regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos." *Audiovisual Lang, supra*, 144 DPR a las págs. 573-574. El tribunal "[d]ebe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello." *Audiovisual Lang, supra*, 144 DPR a la pág. 574. Al "aplicar[] e interpretar[]" la Regla 33(b), supra, "no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial." *Audiovisual Lang, supra*, 144 DPR a la pág. 575.

IV.

Como cuestión de umbral, concluimos que procede expedir los autos solicitados, en aras de la economía procesal, particularmente dado que las Órdenes "pueden afectar sustancialmente el resultado" del caso y en atención al tracto prolongado del mismo. Véase *800 Ponce de León Corp. v. Am. Intl. Ins. Co. of P.R.*, 205 DPR 163 (2020) (resolviendo que, en protección del "principio de economía procesal", y con el fin de no "retras[ar] ...de forma innecesaria" la resolución final de un caso, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, no impide expedir el auto de *certiorari* cuando el dictamen interlocutorio "puede[] afectar sustancialmente el resultado de un pleito" o "limit[ar] sustancialmente [una] reclamación", particularmente cuando el caso ha tenido un "trámite procesal extenso").

En cuanto a los méritos de lo planteado por los peticionarios, concluimos que tienen razón. En primer lugar, y esto sería suficiente para requerir la revocación de las Órdenes, en los Requerimientos se omitió apercibir a los peticionarios sobre las consecuencias de no admitir oportunamente los asuntos allí incluidos. Adviértase que ello es explícitamente requerido por la Regla 33, *supra*. A la misma conclusión llegó este Tribunal en *Carrión Guzmán v. Condominio*, Sentencia de 26 de agosto de 2019 (KLAN201900498) (resolviendo que actuó correctamente el TPI al no dar por admitidos unos requerimientos porque el promovente había "incumpl[ido] con el requisito procedimental de apercibir" a los promovidos "de las consecuencias de no contestar oportunamente el requerimiento de admisiones").

En segundo lugar, en cuanto al Individuo, dada la realidad de su confinamiento, y de que este ha representado que ello concluirá en poco tiempo, lo más aconsejable era permitir el retiro de las admisiones. No hay duda de que un confinado tiene unas

dificultades significativas para participar de un litigio, en comparación con un litigante que está en la libre comunidad. En cuanto a la Corporación, llegamos a la misma conclusión, pero en atención al hecho de que, aunque algunos días tarde, dicha parte ya presentó su contestación al requerimiento en controversia.

En tercer lugar, adviértase que, al determinar si debe permitirse el retiro de unas admisiones, el tribunal debe ser "**flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos**." *Audiovisual Lang*, 144 DPR a las págs. 573-574 (énfasis suplido). Ello es particularmente importante cuando, como ocurre aquí, se trata de una "admisión tácita", donde el TPI "[d]ebe ejercer especial cuidado". *Íd.* Puesto de otra forma, "[n]o se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial". *Audiovisual Lang*, 144 DPR a la pág. 575.

Finalmente, nuestra conclusión se fortalece al tomar en cuenta el contenido altamente conclusorio de los asuntos objeto de los Requerimientos y el hecho de que, algunos de ellos, de su faz, pretenden que los peticionarios "admitan" hechos sobre los cuales no necesariamente podrían tener conocimiento (por ejemplo, lo relacionado con las motivaciones y trámites decisionales internos del Municipio, asuntos sobre los cuales quien mejor situado estaría para aportar prueba directa lo sería el propio Municipio).

V.

Por los fundamentos antes expuestos, se expiden los autos de *certiorari* solicitados, se revocan las órdenes recurridas y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones