Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| KAREN FÉLIX RODRÍGUEZ, JOSÉ ROSARIO SANTANA, SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Demandante - Recurrida<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Demandada – Peticionaria | TA2026CE00008 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Civil núm.: MZ2024CV00089<br><br>Sobre: Caída; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de enero de 2026.

En un caso de daños y perjuicios a raíz de una caída, el Tribunal de Primera Instancia ("TPI") denegó una moción de sentencia sumaria de la aseguradora de un municipio. Según se explica en detalle a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con el dictamen recurrido, pues, aun bajo la premisa de que el municipio no es dueño del lugar en el cual ocurrió el accidente, el municipio admitió que está a cargo de su mantenimiento y subsiste una controversia sobre si el municipio tenía, y no cumplió con, la obligación de tomar medidas apropiadas para proteger a los peatones del riesgo que representaba una loseta rota.

I.

En enero de 2024, la Sa. Karen I. Félix Rodríguez (la "Demandante"), su esposo, el Sr. José M. Rosario Santana (el "Esposo") y la Sociedad Legal de Gananciales por ambos compuesta,

presentaron la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra de MAPFRE PRAICO Insurance Company (la "Aseguradora" o "MAPFRE"), como aseguradora del municipio de Lajas (el "Municipio").

Alegaron que, el 23 de julio de 2021, mientras la Demandante caminaba en la plazoleta frente al restaurante El Karacol[1] en El Poblado de la Parguera del Municipio, sufrió una caída debido a una loseta rota, **sin ningún aviso o advertencia visible que impidiera que sufriera la caída**.

La Demandante aseveró que la caída le ocasionó "graves daños" físicos, y que ambos demandantes sufrieron "graves daños emocionales". En específico, detallaron que la Demandante sufrió un desagarre del tendón de Aquiles de su pierna derecha que requirió dos (2) intervenciones quirúrgicas y múltiples tratamientos médicos subsecuentes. Añadieron que la Demandante ha perdido la función de su pierna derecha de manera significativa y que ello le impide realizar las actividades rutinarias del diario vivir. Destacamos que no se incluyó como demandado al Departamento de Transportación y Obras Públicas (el "DTOP"), al Estado Libre Asociado de Puerto Rico (el "ELA") o a sus aseguradoras.

El 31 de enero de 2025, MAPFRE incoó una *Moción de Sentencia Sumaria* (la "Moción"). En síntesis, sostuvo que no existía controversia que le impidiese al TPI concluir que el lugar de la caída es del ELA quien, como propietario, tiene control de dicho lugar. La Aseguradora acompañó su solicitud con una copia de una foto aérea, dos certificaciones de jurisdicción expedidas por el Municipio y una copia de una certificación del DTOP dirigida al Registro de la Propiedad para que se inscribiera el dominio de una finca de uso público localizada en La Parguera a favor del ELA.

---

[1] Denominado por los Demandantes como "Sangría Coño", en referencia a una bebida que se vende en ese restaurante.

Por su parte, el 8 de abril, la Demandante se opuso a la Moción. Planteó que el accidente no ocurrió en una carretera o acera estatal, sino en una plazoleta adyacente a varios comercios. Además, arguyó que había controversia en torno a la falta de responsabilidad del Municipio debido a que este admitió expresamente que le daba mantenimiento al lugar de los hechos y fue dicha falta de mantenimiento lo que ocasionó su caída.

El 16 de octubre, el TPI notificó una Resolución (la "Resolución") mediante la cual denegó la Moción; se formularon las siguientes determinaciones de hechos:

1. Los codemandantes, Sra. Karen I. Félix Rodríguez y Sr. José M. Rosario, son mayores de edad, están casados bajo el régimen de sociedad de bienes gananciales y tienen su dirección postal en Reparto Flamingo, D-14, calle Isla Nena, Bayamón, PR 00959.

2. La codemandada, MAPFRE PRAICO Insurance Company es, una compañía de seguros autorizada por el Comisionado de Seguros de Puerto Rico para hacer negocios en la Isla. La dirección postal de MAPFRE es: PO Box 70333, San Juan PR 00936.

3. Para la fecha de los hechos alegados por la parte demandante en este caso, MAPFRE PRAICO Insurance Company mantenía en vigor la póliza de responsabilidad pública núm. 1600218002540 a favor y en beneficio del Municipio de Lajas.

4. El 23 de julio de 2021, la Sra. Karen I. Félix Rodríguez alega que sufrió una caída en el área del Poblado La Parguera, en el Municipio de Lajas, frente al establecimiento identificado como Sangría Marca Coño.

5. El área donde se alega que ocurrió el accidente forma parte del Paseo del Poblado de La Parguera, una zona adoquinada y de uso peatonal cerca a la vía principal del referido poblado.

6. Que posterior al accidente, la parte demandante fotografió dicho lugar donde se puede apreciar que existe una loseta rota o levantada en la superficie del pavimento peatonal, sin que se adviertan barreras, rótulos o señalización preventiva que adviertan el riesgo a los transeúntes.

7. Como consecuencia de la caída, la Sra. Félix alega que sufrió una lesión en el talón de Aquiles de su pierna derecha, requiriendo atención médica.

8. El Paseo del Poblado de La Parguera fue remodelado por el Gobierno Central del Estado Libre Asociado de

Puerto Rico en el año 2015, según consta en las certificaciones expedida[s] por la Oficina de Propiedad y Seguros del Municipio de Lajas.

9. El Municipio de Lajas realiza labores de mantenimiento en el área del Paseo del Poblado de La Parguera.

El 23 de octubre, MAPFRE interpuso una *Reconsideración y Solicitud de Determinación Adicional de Hecho*. Subsecuentemente, el 25 de noviembre, MAPFRE instó una *Moción en Cumplimiento de Orden y Suplementaria a Moción de Reconsideración* acompañada de una certificación de propiedad inmueble emitida por el Registro de la Propiedad de la cual se desprende que un predio de terreno de uso público, con un remanente, se encuentra el Poblado de La Parguera.

Por su parte, el 1 de diciembre, la Demandante presentó una *Réplica a Moción en Cumplimiento de Orden y Suplementaria a Moción de Reconsideración*. Afirmó que la certificación presentada por MAPFRE no cumplió con una orden del TPI por no contener planos, croquis, coordenadas o elementos técnicos que permitieran vincular la finca con el Paseo de La Parguera ni con el lugar de la caída. Planteó que la Aseguradora reconoció que el Municipio provee el mantenimiento del área donde ocurrió el accidente y con ello admitió que el Municipio tiene el control operacional del área.

Mediante un dictamen notificado el 9 de diciembre, el TPI denegó la solicitud de reconsideración de MAPFRE.

Inconforme, el 7 de enero, la Aseguradora interpuso el recurso de *certiorari* de referencia; formuló los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EXISTÍA CONTROVERSIA REAL Y MATERIAL SOBRE LA TITULARIDAD DEL LUGAR DE LOS HECHOS, A PESAR DE QUE LA CERTIFICACIÓN DE JURISDICCIÓN PRESENTADA POR LA PARTE PETICIONARIA ACREDITABA DE FORMA CLARA, ESPECÍFICA Y NO CONTROVERTIDA POR LA PARTE RECURRIDA QUE EL ÁREA DONDE OCURRIÓ LA ALEGADA CAÍDA PERTENECE AL ESTADO LIBRE

ASOCIADO DE PUERTO RICO Y NO AL MUNICIPIO DE LAJAS.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EXISTÍA CONTROVERSIA SOBRE LA TITULARIDAD DEL LUGAR DEL ACCIDENTE, CUANDO LA PROPIA PARTE RECURRIDA ADMITIÓ EXPRESAMENTE EN SU OPOSICIÓN A LA MOCIÓN DE SENTENCIA SUMARIA QUE EL ÁREA DONDE OCURRIÓ LA ALEGADA CAÍDA PERTENECE AL ESTADO.

El 13 de enero, ordenamos a la parte recurrida mostrar causa por la cual no deberíamos expedir el auto de *certiorari* y revocar el dictamen recurrido. Los Demandantes presentaron un *Alegato en Oposición a Recurso de Certiorari*. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el

Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. … .

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La sentencia sumaria es un mecanismo cuya finalidad es "propiciar la solución justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario". *Meléndez González et. al. v. M. Cuebas,* 193 DPR 100, 109 (2015); *SLG Zapata v. J.F Montalvo,* 189 DPR 414, 430 (2013). Este mecanismo procesal se rige por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.

En particular, la Regla 36.3 (e) de las de Procedimiento Civil, *supra*, dispone que procede dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, si la hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. Así, se permite disponer de asuntos pendientes ante el foro judicial sin necesidad de celebrar un juicio, ya que únicamente resta aplicar el derecho a los hechos no controvertidos. *Meléndez González et. al., supra; SLG Zapata, supra; Const. José Carro v. Mun. Dorado,* 186 DPR 113, 128 (2012).

Si se concluye que "existe una controversia **real y sustancial** sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria. *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010) (Énfasis nuestro). Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable. *Meléndez González et. al., supra; Ramos Pérez,* 178 DPR a la pág. 213, citando a J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Pubs. J.T.S., 2000, T. I, pág. 609; *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001); *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577 (1997).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Ramos Pérez, supra; Vera v. Dr. Bravo,* 161 DPR 308, 332-333 (2004). Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia de hechos, la moción

de sentencia sumaria es improcedente. *Mgmt. Adm. Servs., Corp. v. E.L.A.*, 152 DPR 599, 610 (2000).

Por su parte, quien se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia fáctica material, y debe ser tan detallada y específica como lo sea la moción de la parte promovente pues, de lo contrario, se dictará la sentencia sumaria en su contra, si procede en derecho. Regla 36 (c) de las de Procedimiento Civil, *supra.* Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte opositora no puede descansar en meras alegaciones y debe proveer evidencia para demostrar la existencia de una controversia en torno a un hecho material. A tales efectos, el juzgador no está limitado por los hechos o documentos que se aduzcan en la solicitud, sino que debe considerar todos los documentos del expediente, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. *Const. José Carro v. Mun. Dorado*, 186 DPR a la pág. 130, citando a *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 280-281 (1990).

IV.

Aunque el TPI descansó principalmente en la existencia de una supuesta controversia en cuanto la titularidad del lugar del accidente, y aunque la Aseguradora descansa principalmente en la supuesta ausencia de controversia al respecto, no es necesario resolver dicho asunto para concluir que procede denegar la expedición del auto solicitado. Para fines de este recurso, partimos de la premisa propuesta por la Aseguradora a los efectos de que el lugar del accidente es del DTOP. Aun así, actuó correctamente el TPI al denegar la Moción. Adviértase que nuestra revisión se da contra la decisión, no sus fundamentos. Veamos.

Como cuestión de umbral, y como implícitamente admite la Aseguradora en el recurso de referencia, no tiene pertinencia en este contexto la norma a los efectos de que los municipios y sus aseguradoras no responden por accidentes en carreteras y aceras estatales. Artículo 1.053(g) del Código Municipal de Puerto Rico, 21 LPRA sec. 7084(g), según interpretado en *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 619 (2023). Ello porque no hay controversia sobre el hecho de que la caída de la Demandante no ocurrió en una carretera o acera estatal, sino en una plazoleta de suelo enlosado adyacente a un restaurante y otros comercios.

Por otra parte, en este caso particular, la ausencia de titularidad del Municipio no conlleva automáticamente una ausencia de posible responsabilidad. Adviértase que el Municipio admitió que estaba a cargo de brindar mantenimiento sobre el área del accidente. Por tanto, subsiste controversia sobre qué medidas debía tomar el Municipio, si alguna, en conexión con la loseta rota, con el fin de mitigar el riesgo a los peatones. Como bien determinó el TPI, como parte de su obligación de mantenimiento, habría que determinar si lo razonable era que el Municipio instálese "barreras, rótulos o señalización preventiva que adviertan el riesgo a los transeúntes" y, de ser así, si el Municipio incumplió con este deber.

En fin, por considerar que fue acertada la determinación del TPI de denegar la Moción, en el ejercicio de nuestra discreción, guiada por los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, hemos determinado no intervenir con lo actuado por el TPI.

V.

Por los fundamentos antes expresados, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones